394 So.2d 678 (1981)
James J. DAVIS et al.
v.
LOUISIANA COMPUTING CORPORATION et al.
No. 11441.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1981.
Rehearing Denied March 16, 1981.
*679 Chaffe, McCall, Phillips, Toler & Sarpy, G. Phillip Shuler, New Orleans, for plaintiffs-appellees.
Cecil M. Burglass, Jr., New Orleans, for defendants-appellants.
Before REDMANN, GULOTTA and GARRISON, JJ.
REDMANN, Judge.
A corporate employer and its president and secretary-treasurer appeal from a judgment awarding $24,000 to a former employee as damages from being fired because he became a candidate for political office. Plaintiff answers, seeking increase in the award.
Defendants argue that plaintiff did not prove that he was fired because of his candidacy and did not prove a violation of R.S. 23:961[1] prohibiting such a firing. Defendants alternatively argue that the award included impermissible punitive damages. We affirm.
The corporation derived a substantial part (about 60%) of its business from Jefferson Parish and its school board and other governmental agencies. A substantial part of this business was negotiated rather than publicly bid. The corporation and its officers understandably did not wish to alienate the public officials with whom they dealt. When plaintiff became a candidate for Kenner city council, opposing a candidate supported by some Jefferson Parish officials, corporate secretary-treasurer Westerlund told plaintiff that the corporation would benefit if plaintiff withdrew his candidacy, and corporate president Harding thereafter fired plaintiff, who did not withdraw. Harding and Westerlund testified that plaintiff was fired not because of his candidacy, but because of economic reasons. Other evidence, although in part contradicted, tends to support plaintiff's and discredit defendants' version of the firing. It is the trial court's function to determine credibility of witnesses. Moreover, the trial court's reasonably supported factual inferences cannot be supplanted by those of an appellate court. Arceneaux v. Domingue, La. 1978, 365 So.2d 1330; Canter v. Koehring Co., La.1973, 283 So.2d 716.
We note the "business" justification for firing plaintiff in this case is a real one: plaintiff's candidacy would antagonize persons who could withdraw business from plaintiff's employer. In that sense, plaintiff by his candidacy made himself a detriment to his employer and was "disloyal" to his employer. But the policy of the statute is unmistakable: the employer may not control political candidacy of his employees. We see no exemption from the legislative purpose because of the nature of the employer's business.
Defendants argue that in any case firing an employee for being a political candidate is not proscribed by R.S. 23:961: that the statute only proscribes "any rule, regulation or policy" tending to control an employee's political activity, or "threats" of firing. The record, however, supports the view that defendants did develop a proscribed *680 policy as a result of plaintiff's candidacy, and that plaintiff was threatened. Moreover, the actual firing of one employee for political activity constitutes for the remaining employees both a policy and a threat of similar firings.
On quantum, the $24,000 award compensates for 36 days of unemployment (about a tenth of a year, say $3,600) and employment thereafter at a yearly salary of $23,000, $13,000 lower than the $36,000 plaintiff was earning with defendants. Even at trial time, two years later, plaintiff was still earning only $27,000. Yet plaintiff's employment with defendants was not for a specified term (see C.C. 2749) and thus damages are not recoverable on a theory that his employment would have continued without end. We conclude plaintiff's damages are not mathematically ascertainable, and we cannot say the trial judge erred in his estimation.
Affirmed.
NOTES
[1] Except as otherwise provided in R.S. 23:962, no employer having regularly in his employ twenty or more employees shall make, adopt, or enforce any rule, regulation, or policy forbidding or preventing any of his employees from engaging or participating in politics, or from becoming a candidate for public office. No such employer shall adopt or enforce any rule, regulation, or policy which will control, direct, or tend to control or direct the political activities or affiliations of his employees, nor coerce or influence, or attempt to coerce or influence any of his employees by means of threats of discharge or of loss of employment in case such employees should support or become affiliated with any particular political faction or organization, or participate in political activities of any nature or character.

Any individual person violating the provisions of this Section shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not more than six months, or both; and any firm, corporation or association violating the provisions of this Section shall be fined not less than five hundred dollars nor more than two thousand dollars.
Nothing herein contained shall in any way be construed to prevent the injured employee from recovering damages from the employer as a result of suffering caused by the employer's violations of this Section.