JASPER E. JONES, Judge.
The plaintiff, Dan Peacock, filed an action for damages against the West Carroll Parish Police Jury alleging he was wrongfully discharged from his job with the parish for political reasons in violation of LSA-R.S. 23:961.[1] After a trial on the merits, the trial court rendered judgment rejecting plaintiff’s demands. Plaintiff appeals. We affirm.
The trial proceedings were not recorded and there is no transcript available to this court on appeal. The trial judge’s written reasons for judgment contain a narrative of facts which substantially complies with LSA-C.C.P. art. 2131 which requires the judge to compile such a narrative for the purpose of appeal when the parties fail to agree on a narrative of the facts.[2] The judge also compiled a written summary of the witnesses’ testimony, taken from his notes, which he filed in the record. The parties do not complain that the narrative of facts and summary of testimony are incomplete or incorrect. We find that with the inclusion of these items, the record is sufficiently complete to review the trial court judgment notwithstanding the absence of a transcript of testimony. See Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963); Gulling v. E.I. Du Pont de Nemours and Company, 228 So.2d 750 (La.App. 4th Cir.1969).
Plaintiff had been employed by the police jury on two separate occasions and at the time he was discharged he had worked for the police jury a total of 17 years. Plaintiff worked as a heavy equipment operator on the parish road crew during most of the period that he was employed by the police jury.
In the fall of 1979 an election was held to select the police juror for District 3 of West Carroll Parish. The incumbent, Lee Lois Jones, was a candidate for reelection but lost to Hursel Tyson. Jones is plaintiff’s nephew and plaintiff actively campaigned for Jones’ reelection.
Tyson took office in June, 1980. A short time later the police jury transferred plaintiff from his job on the road crew to a job as janitor at the parish road barn. A new employee was subsequently hired to take plaintiff’s place on the road crew. At the October 8, 1980 police jury meeting, Tyson moved to have the plaintiff fired on the grounds there was a shortage of road funds. The motion was carried by a unanimous vote of the seven member jury and *1255 plaintiff was discharged on October 24. Plaintiff was the only parish employee terminated because of the alleged funds shortage. Other persons were hired to work on the road crew shortly before and soon after plaintiffs discharge. The explanation given for this apparent inconsistency was employees were needed for road work but the janitor’s job at the road barn was unnecessary.
Plaintiff contends he was fired solely because he campaigned against Tyson in the 1979 election. The trial judge found plaintiff failed to carry his burden of proving he was fired for political reasons rather than financial reasons. The summary of testimony reveals there was evidence before the court which would have supported a finding for either plaintiff or the police jury. Therefore, the trial judge’s decision was ultimately based upon his assessment of the witnesses’ credibility.
The standard of appellate review in cases where there is conflicting evidence in the transcript is set forth in the cases of Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). These cases hold that when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual base for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. The same standard of review is applicable to cases submitted on narratives of fact by the trial judge. See Gulling v. E.L Du Pont de Nemours and Company, supra.
Six of the seven members of the police jury at the time plaintiff was terminated testified at trial. They all testified there was a shortage of road funds and plaintiff was fired because of the shortage. They all denied that any political activity by the plaintiff served as a basis for his discharge. Four of the six testified they received news of the shortage of funds from the jury’s secretary-treasurer, Rodger Phillips. The only directly conflicting testimony was that of Phillips. He testified there was no shortage of road funds and Tyson had plaintiff discharged solely because of plaintiff’s opposition to him in the election. Phillips’ testimony was also contradicted to some extent by that of plaintiff’s nephew, Lee Lois Jones, who was a former police juror. Jones testified that when he was on the jury there was always a shortage of road funds. The trial judge obviously found that Phillips lacked credibility.
We conclude there was substantial evidence to support the trial court’s finding that plaintiff failed to prove he was terminated for political reasons. There was no manifest abuse of discretion in the trial court’s determination.
We acknowledge that some of the circumstantial evidence strongly supports plaintiff’s contention. However, there is insufficient evidence in the record as received by this court for us to find the trial court was clearly wrong. Because of the absence of a transcript we are bound by the trial judge’s narrative of facts and his summary of testimony and cannot go beyond what is contained therein to reach a different result. Succession of Seals, supra; Gulling v. E.I. Du Pont de Nemours and Company, supra.
Judgment AFFIRMED at appellant’s cost.

. § 961. Political rights and freedom; restrictions forbidden; penalty; employees’ right to recover damages
Except as otherwise provided in R.S. 23:962, no employer having regularly in his employ twenty or more employees shall make, adopt, or enforce any rule, regulation, or policy forbidding or preventing any of his employees from engaging or participating in politics, or from becoming a candidate for public office. No such employer shall adopt or enforce any rule, regulation, or policy which will control, direct, or tend to control or direct the political activities or affiliations of his employees, nor coerce or influence, or attempt to coerce or influence any of his employees by means of threats of discharge or of loss of employment in case such employees should support or become affiliated with any particular political faction or organization, or participate in political activities of any nature or character.
Any individual person violating the provisions of this Section shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not more than six months, or both; and any firm, corporation or association violating the provisions of this Section shall be fined not less than five hundred dollars nor more than two thousand dollars.
Nothing herein contained shall in any way be construed to prevent the injured employee from recovering damages from the employer as a result of suffering caused by the employer’s violations of this Section. [Emphasis added.]
A discharged employee has a cause of action to recover damages for violations of this statute. See Davis v. Louisiana Computing Corp., 394 So.2d 678 (La.App. 4th Cir.1981).

. C.C.P. 2131 provides:
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.