LOTTINGER, Judge.
This is a mandamus proceeding against the Honorable Earl K. Long, Governor of the State of Louisiana, to require him to issue a proclamation ordering an election to be held for the purpose of deciding upon recalling John E. Barrett, School Board Member of Ward 8, Beauregard Parish, Louisiana. The lower court issued the writ of mandamus, and respondent has taken this appeal.
The record shows that a petition was circulated in Ward 8 of Beauregard Parish, *97 Louisiana, seeking the recall of John E. Barrett, School Board Member for Ward 8 of said parish. At the time of presentation to the Registrar of Voters of Beauregard Parish, as is required by LSA-R.S. 42:343, the said petition contained 140 signatures. The certificate of the Registrar of Voters, dated September 5, 1951, showed the number of names appearing on the petition, the number of persons who were electors of the voting area, the total number of electors of the areas of the date of execution of the certificate, the total number of registered voters qualified to vote in said area at the last preceding election held on July 25, 1950, and the names appearing thereon who were not electors of the area. The petition and the Registrar’s certificate were then forwarded to the Secretary of State, who transmitted same to the Governor with the certification required of him under the provisions of LSA-R.S. 42:346.
The Governor failed to issue the proclamation calling the election because the certificate of the Registrar of Voters did not show that it was certified by the Registrar within ten days after presentation to him for that purpose. Because of the Govern- or’s failure to order the election, relators instituted this proceeding and a rule was issued directing the Governor to show cause why a writ of mandamus should not issue against him ordering and condemning him to call the election. On trial of said rule, the court below rendered judgment for re-lators, and the writ of mandamus was issued. The respondent has taken this appeal.
The procedure required for recall elections are set forth in LSA-R.S. 42:341 et seq. The only question to be decided by this court is relative to the provision of LSA-R.S. 42:343, which requires the Registrar of Voters to certify on the recall petition, within ten days after presented to him for that purpose, the number of names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. The certification of the Registrar of Voters was dated September 5, 1951. However, neither'does the certificate, nor the petition, show on what date the petition was presented to the Registrar. The respondent claims that, according to the mandatory provisions of LSA-R.S. 42:343, both the date of presentation to the Registrar and the date of the certification by the Registrar must be shown, otherwise the recall procedure would be invalid. The respondent further claims that it is his duty to take cognizance of any fatal errors in the procedure, and, thus he was justified in his refusal to call the election.
The pertinent part of LSA-R.S. 42:343, for the purposes of this proceeding is as follows: “The registrar of voters of each parish in the state, wherein a recall election is sought, shall certify on the recall petition, within ten days after presented to him for that purpose, the number of names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area,' as of the date of execution of the certificate. * * * ” (Italics ours.)
Nowhere in the above quoted section is there any provision requiring the Registrar of Voters to note on the petition, or his certificate, the date on which the petition was presented to him. Nor is there any requirement that he note on the petition or certificate that the certificátion was made within ten days of presentation to him. While it might be wise for the Registrar to note both dates on his certificate in order to show that the 10 day requirement was complied with, we do not believe that the date of presentation is mandatory, nor is the omission thereof fatal error which would tend to invalidate the recall procedure. According to LSA-R.S. 42:343, certain requirements must be met by the Registrar of Voters. These requirements are mandatory and their omission might justify respondent in his refusal to call the election.. However, the facts show that these mandatory requirements were complied with.
As stated above, we do not believe that the statute, as hereinabove quoted, requires that the Registrar of Voters *98 note on the petition or on the certificate the date on which the petition was presented to him or note on the certificate that the certificate was made within 10 days of presentation to him and for that reason we are inclined to believe that the absence of such a date or statement in the certificate would not be fatal error. We believe, however, that the statute requires the Registrar of Voters to make the certificate within 10 days of presentation to him. In view of the absence of an allegation and proof to the effect that the certificate was not made within the said 10 day period, we must presume that the Registrar of Voters, a public official, performed his or her official duty according to law. If and in the event the certificate made by the Registrar of Voters was not done in accordance with the requirements of the statute and in accordance with law, the public official or public officer, whose recall is sought, has a right to contest the recall or any proceedings in relation thereto in any court of competent jurisdiction, .for fraud or other illegality, according to LSA-R.S. 42:357.
Therefore, for the above and foregoing reasons, the judgment of the lower court is affirmed.
Judgment affirmed.