PER CURIAM.
This is a suit to enjoin a recall election. It is brought under the provisions of LSA-R.S. 42:357, which authorizes the public officer whose recall is sought to contest the legality of the recall election. See LSA-R.S. 42:341 et seq. Made defendant is the LaSalle Parish Board of Election Supervisors. The defendant has appealed to this court from the District Court’s ruling enjoining a recall election called by the Governor more than eight months after the presentation of a recall petition to him and holding that the five days allowed to the Governor to order the recall election after the recall petition is presented to him, LSA-R.S. 42:347, is a mandatory statutory requirement.
The facts of the case, as stipulated by the parties and included in the Trial Judge’s opinion are:
“That Harvey Bradford [the plaintiff,] is the elected, qualified acting school board member from Ward 5, LaSalle Parish, Louisiana. That the Governor signed the proclamation ordering the election on January 12, 1961, the election to be held March 14, 1961.
“That the Governor’s proclamation was based on a recall petition filed on May 5, 1960, during the administration of Governor Earl K. Long. That the certificate of the Registrar of voters of LaSalle Parish, the certificate of the Secretary of State and an opinion of the Attorney General either annexed to the petition or transmitted to the Governor in connection therewith were all dated May 5, 1960.
“That the certificate of the Secretary of State dated May 5, 1960, indicated that there was a total of 529 persons qualified to vote in the general election of April 19, 1960; this certificate was based on a report made by the Registrar of Voters of the Parish of LaSalle dated March 18, 1960. That on May 31, 1960, the Registrar of Voters of the Parish of LaSalle made an affidavit to the effect that his report dated March 18, 1960 was incorrect and that a person by person count revealed that there were a total of 502 voters in Ward 5 of LaSalle Parish instead of 529 voters as reported on March 18, 1960.
“That a primary election was held in Ward 5 of LaSalle Parish on August 27, 1960; and that a general election was held *470 on November 4, 1960 within the Ward Five.
“That all voter registrations in LaSalle Parish expired on December 31, 1960; that on January 12, 1961, less than twenty (20) people had reregistered and were qualified electors in Ward 5.
“That between May 5, 1960, the date the recall petition was first filed with the Governor and January 12, 1961, the date the Governor’s proclamation was issued, [eight months and seven days later,] no mandamus proceeding attempting to force the Governor to act was filed, nor was any official action taken in the case, either by the Governor, the Secretary of State, the Registrar of Voters of LaSalle Parish, or the Chairman or Vice-Chairman named in the petition other than the filing of the affidavit dated May 31, 1960, by the Registrar of Voters to the effect that there were only S02 qualified voters in Ward 5 of LaSalle Parish eligible to vote in the April 19, 1960 general election.”
The sole issue before this court is whether the Governor has authority to call a recall election more than eight months after the recall petition is presented to him, when LSA-R.S. 42:347 mandatorily provides:
“Within five days after a petition for a recall election is presented to thé governor, in accordance with this Chapter, * * * then the governor shall issue a proclamation ordering an election to be held for the purpose of deciding upon the issue of recalling the officer, * * (Italics ours.)
In arguing that the trial court correctly enjoined the election because the Governor called it so long after the five days provided by statute for such action, the attorney for the appellee states in brief:
“The law authorizing recall election was found in [LSA-] R.S. 42:341 through 357. In summary the various sections provide that the Governor'may issue the proclamation upon the petition of twenty five (25%) per cent of the qualified electors of the area from which the officer is elected. When the petition is signed it must be presented to the Registrar of voters of the parish. Under the provisions of [LSA-] R.S. 42:343 the Registrar of Voters must, within ten (10) days after the petition is submitted to him, execute a certificate showing the number of voters qualified in the area and the number signed to the petition. This petition must be presented to the Governor with the certificate annexed. Within five (5) days after the certificate is presented to the Governor, 'the Governor shall issue a proclamation ordering an election to be held * * * on the first Tuesday after the sixtieth day from the day of proclamation’.
“From the above it is readily apparent that under the express provisions of the law the officers concerned must act with dispatch once a recall petition is presented to them. The Registrar is required to act within ten (10) days; the Governor is required to act within five (5) days; the election is required to be held on the first Tuesday following sixty (60) days after the Governor has acted. * * *
“The reason the Legislature has required prompt action by the officials concerned is easy to see when we consider what the situation would be if such promptness was not required. Recall is political in nature; * * * the threat of it is obviously a most potent weapon in the hands of anyone able to bring it about. At the very least a public official who must go through the indignity of a recall election is subjected to harassment, embarrassment and expense. At the most he can lose his job and suffer the humiliation and embarrassment plus the financial loss that this entails. In view of these facts it would be mischievous and unreasonable to permit anyone connected with the recall, from the persons instigating it to the Registrar of Voters to the Secretary of State to the Governor to simply hold the petition in their files for use if and when they desired. * * * ”
*471 On the other hand, counsel for the ap-pellee suggests that the statutory five-day period within which the Governor is required to issue the proclamation ordering a recall election is provided only as a protection for the recall petitioners, so that thereafter they can mandamus the Governor to perform this ministerial duty (see State ex rel. Baggett v. Long, La.App. 1 Cir., 60 So.2d 96, certiorari denied) ; and not as a protection to the public official whose recall is sought, who cannot therefore complain of any omission by the Governor in this regard. It is further suggested that to enjoin a recall election and hold it invalidly ordered because of non-compliance by the Governor with LSA-R.S. 42:347, thus strictly construed so as to constitute as an essential prerequisite that the Governor have called the election within five days after the recall petition is presented to him, has the effect of empowering the Governor to prevent any recall election by simply not acting on the petition within five days: before the expiration of which period the recall petitioners have no legal right to require him to act, and after which period an election could not (it is argued) be ordered called, if it is held that the Governor’s calling of the election within the five days is indeed a mandatory prerequisite to the validity of a recall election.
Although in the sparse jurisprudence interpreting the recall election act, LSA-R.S. 42:341 et seq., the present question has never been before our courts, two decisions have touched upon the effect of non-compliance with the similar requirement that the registrar certify the number of electors on the recall petition within a ten-day period.
The first, Pinder v. Board of Supervisors of Calcasieu Parish, La.App. 1 Cir., 146 So. 715,[1] upheld the recall election despite the public officer’s protest that the registrar’s certification was not timely; but the decision basically held only that the certification in that case was within the ten-day period, so that the court was not required to pass upon the validity of a recall election where such certification had not actually been made within the statutory period.
In the other decision cited to us, the issuing of a writ of mandamus directing the Governor to call a recall election was affirmed. State ex rel. Baggett v. Long, La. App. 1 Cir., 60 So.2d 96, certiorari denied. The Governor had refused to order an election because the registrar’s certificate did not show that he had certified the number of electors “within ten days after presented to him for that purpose” as required by LSA-R.S. 42:343. While the court held that this was a mandatory statutory requirement, it also held (over the dissent of one judge) that the timely certification was not “sacramental” (60 So.2d 99) to the validity of an ordering of a recall election[2], further that, there being an “absence of any showing that the certificate was not made within the ten days”, the registrar was presumed to have performed his statutory duty (60 So.2d 100). The opinion further states that the recall of a public officer- provided by the statute is a harsh remedy which must be strictly construed by the courts.
We do not believe that either of the cited decisions provides any determinative guide to assist this court in determining the validity of the ordering of the present re *472 call election eight months after the recall petition had been presented to a former Governor, in the face of the mandatory-statutory requirement that such be done within five days after presentation of the petition to the state’s chief executive.
But even though the timely ordering pursuant to LSA-R.S. 42:347 of the recall election be not sacramental to its validity, and be considered rather as a provision to permit the recall petitioners to mandamus the Governor if he fails to act within that time, nevertheless we find that, under the facts of this case, any right the recall petitioners may have had to require the calling of the election was abandoned by their failure during the eight months following the filing of the petition with the Governor to take any formal action requiring substantial compliance with the mandatory statutory requirements governing the calling of recall elections under LSA-R.S. 42:341 et seq.
As previously noted, this recall election statute provides a harsh remedy and is therefore strictly construed. The failure of the Governor to order the recall election until eight months had expired, when the statute requires that such action be done within five days after the recall petition is presented to him, is so insubstantial a compliance with the mandatory statutory provisions as to invalidate the subsequent, unreasonably delayed order calling the recall election. As the trial court stated, “To hold otherwise in this cause would permit the Governor to hold the petition indefinitely and thus read out of the law the mandatory requirement that the proclamation must be signed within five days.”
For the foregoing reasons, the trial court judgment enjoining the recall election herein is affirmed. We note, however, that through inadvertence the defendant, a public board, was cast for court costs, whereas under LSA-R.S. 13:4521 public bodies are exempted from the payment of court costs, except for stenographers’ costs for taking testimony; and the judgment is accordingly amended to relieve the defendant of the payment of all court costs from which it is thus statutorily exempt.
Amended and affirmed.

. The statute as then enacted required that the registrar’s certificate be executed, dated, and signed “within ten days prior to its presentation” to the Governor. See Act 121 of Extra Session of 1921, Section 2; see also, 146 So. 718.

. See: The requirement that the registrar act within ten days “is merely a provision to compel the Registrar of Voters to perform Ms duty within a specified time so as to prevent him from pigeonholing the petition indefinitely and the mere fact that his certificate should be issued after a period longer than ton days after the petition was presented to him, should not render the certificate of no effect,” 60 So.2d 99-100.