PER CURIAM.
The plaintiff, an incumbent school board member, appeals from the refusal of the trial court to enjoin a recall election. The trial judge comprehensively discussed the facts, legal issues and Louisiana jurisprudence, together with his conclusions as to law, as follows:
“Rex Hyatt, pursuant to the provisions of LSA-R.S. 42:357, brings this suit to enjoin the holding of an election on May 2, 1961, to determine whether he shall be recalled as Member of the Beauregard Parish School Board from Ward One. He alleges that the proclamation ordering the election is illegal since the Governor issued the proclamation more than five days after the receipt of the recall petition by him. The defendant is the Board of Supervisors of Election for Beauregard Parish, who filed an answer of general denial.
“The Court issued a temporary restraining order and also a rule to show cause why a preliminary injunction should not issue. That rule was heard on March 24, 1961, and is now before the Court for decision.
“The following is a fair summary of the evidence presented at the trial:
“The petition for the recall election, together with the certificate of the Registrar of Voters of Beauregard Parish, the Certificate of the Secretary of State and the opinion of the Attorney General approving its legality, were forwarded by the Secretary of State to the Governor of Louisiana, *300 on January 24, 1961 (plaintiffs Exhibit ‘B’). The recall petition with the Registrar’s Certificate had been filed with the Secretary of State on January 19, 1961, by Stuart S. Kay, an attorney employed by the proponents to process the matter, and on that day Mr. Kay contacted the Governor in person informing him that the recall petition had been filed with the Secretary of State and that very shortly it would reach him for official action. Mr. Kay requested the Governor to act promptly and perform his duties as required by law. Thereafter, Mr. Kay checked with the Governor’s Executive Counsel as to whether action had been taken and upon learning that no action had been taken he again urged that the Governor either issue his proclamation calling the election or that he state that he would not do so in order that the proponents could seek compliance. Mr. Kay contacted the Governor by telephone on February 7, 1961, and the Governor's statement was that he 'would see about it’. On February 17, 1961 Mr. Kay again attempted to contact the Governor in person about the matter, but to no avail, and he then talked with Mr. Chris Fraser, Executive Secretary, and Mr. Owen Ware, Executive Counsel to the Governor, requesting them to order the Governor to take some action in the matter as the proponents had decided to file a mandamus suit to compel him to issue the election proclamation. On February 13, 1961, (defendant’s Exhibit ‘D-3’), the proponents employed Edward K. Alexander, an attorney residing at DeQuincy, Louisiana, to file a suit in the District Court of East Baton Rouge Parish to mandamus the Governor to issue his proclamation calling the recall election. The petition was prepared and the verifying affidavit was signed by Lovis Franks, Chairman of the recall petition, on February 24, 1961, (Defendant’s Exhibit ‘D-l’). On February 25, 1961, while the Governor was on a hunting trip in Beauregard Parish, he informed Mr. Kay that he had decided to sign the proclamation. Mr: Kay then informed Mr. Alexander of the Governor’s statement and held up the filing of the mandamus action. On February 27, 1961, the Governor signed the proclamation calling an election to be held on May 2, 1961, for the purpose of determining whether Rex Hyatt shall be recalled as School Board Member from Ward One (Plaintiff’s Exhibit ‘A’).
“Plaintiff’s contention is that the failure of the Governor to issue his election proclamation within the five-day period prescribed in R.S. 42:347 strikes the entire recall procedure with nullity and that the proclamation issued by the Governor on February 27, 1961, is illegal; further, 'that the instigators of said recall petition and particularly the Chairman and vice-Chairman named thereon have been fully aware that their petition has been on file in the Governor’s office since January 24, 1961; that they also knew that the law required the Governor to act, if their petition was properly drawn and executed, within five (5) days after January 24, 1961, the date on which said petition was presented to him by the Secretary of State; that none of said instigators filed any act or made any move to force the Governor to act; that their laches and that of the Governor constituted an abandonment of the recall effort, which abandonment is especially pleaded as a bar to further action’. Plaintiff offered no oral testimony on the trial of the rule for preliminary injunction in support of his allegation of laches and abandonment of the recall effort by the proponents. On the contrary, all of the evidence presented on that phase of the case was by the defendant and that evidence shown conclusively that the proponents of the recall election made every effort possible through personal contacts and telephone calls to prevail on the Governor to perform his duty and issue his election proclamation. From the moment the recall petition was filed with the Secretary of State until the proclamation issued, the proponents were in contact, or attempting to contact the Governor, and when it appeared that he would not issue the proclamation the proponents employed *301 an attorney to file an action in mandamus against the Governor, which he barely averted by signing the proclamation on February 27, 1961. Clearly, plaintiff’s allegation of laches and abandonment of the recall effort by the proponents is without foundation.
“Therefore, the sole issue before this Court is whether the Governor has authority to issue a proclamation for a recall election after the expiration of five days from the date the recall petition is presented to him, when R.S. 42:347 mandatorily provides :
“ ‘Within five days after a petition for a recall election is presented to the governor, in accordance with this Chapter, * * * then the governor shall issue a proclamation ordering an election to be held for the purpose of deciding upon the issue of recalling the officer * * *’. (Emphasis added.)
“There is very little jurisprudence interpreting the recall election statute, R.S. 42:341, et seq., and except for the very recent decision in the case of Bradford v. Board of Supervisors of Election for LaSalle Parish, No. 272 on the docket of the Court of Appeal, Third Circuit, Louisiana (unreported), handed down on February 8, 1961 [128 So.2d 468] the present question has not been before our courts. Two decisions have touched on the effect of noncompliance with the similar requirement that the registrar certify the number of electors on the recall petition within ten days.
“In Pinder v. Board of Supervisors of Calcasieu Parish, La.App. 1 Cir., 146 So. 715, the Court upheld the recall election, holding that the registrar’s certificate was timely made, although contended to the contrary by the officer sought to be recalled, but the Court did not pass upon the validity of a recall election where such certification had not actually been made within the ten-day period as required by the Statute.
State ex rel. Baggett v. Long, La.App. 1 Cir., 60 So.2d 96, was a suit to mandamus the Governor to issue a proclamation ordering a recall election. The lower Court issued the writ and the decision was affirmed. The Governor had refused to order the election because the registrar’s certificate did not show that it had been made by him within ten days after the petition was presented to him for that purpose as required by R.S. 42:343. The Court held (on rehearing) that while the provision of the Statute with reference ‘to imposing on the Registrar of Voters the duty to make his certificate within ten days of presentation to him of the recall petition is mandatory, we do not feel that this provision constitutes a sacramental part of the procedure provided for by the Statute’ (Judge Ellis dissenting). Continuing, the Court said:
“ ‘The provision for the making of the certificate within ten days of presentation of the petition to the Registrar does not in any manner affect the rights of the petitioners or of the person sought to be recalled. In our opinion, it is merely a provision to compel the Registrar of Voters to perform his duty within a specified time so as to prevent him from pigeonholing the petition indefinitely and the mere fact that his certificate should be issued after a period longer than ten days after the petition was presented to him, should not render the certificate of no effect. To hold otherwise would give the Registrar complete control as to whether or not a recall election could be had and he could defeat the rights of petitioners granted by the Statute by the simple procedure of merely withholding his certificate for a period of more than ten days after the petition was presented to him * * *. We do not believe it was the intention of the Legislature to create such a situation; but rather we believe that that part of the Statute was to give an opportunity to the proponents of a recall petition to force the Registrar of Voters, by *302 proper court action, to perform his duties and to issue the required certificate in the event that he failed to do so within the ten days of the presentation to him of the recall petition.’
1 “It might be argued that the foregoing pronouncement was unnecessary to a determination of the case since the Court finally concluded that ‘in the absence of any showing that the certificate was not made within ten days we repeat that we must presume that the Registrar performed his duty as required by the Statute’.
“Bradford v. Board of Supervisors of Elections for LaSalle Parish, supra, was a suit to enjoin an election to recall the plaintiff as Member of the School Board from Ward Five of LaSalle Parish. The Governor signed the proclamation calling the election on January 12, 1961, and was based on a petition filed on May 5, 1960, while Earl K. Long was Governor. The certificate of the Registrar of Voters, the certificate of the Secretary of State and the opinion of the Attorney General which were transmitted to the Governor in connection with the recall petition were all dated May S, 1960. A primary election was held in Ward Five of LaSalle Parish on August 27, 1960, and a general election was held within Ward Five on November 4, 1960. All voter registrations in LaSalle Parish expired on December 31, 1960, and on January 12, 1961, the date of-the Governor’s proclamation calling the election, less than 20 people had registered and were qualified electors in Ward 5. Between May 5, 1960, the date the recall petition was first filed with the Governor, and January 12, 1961, the date the Governor’s proclamation was issued (eight months and seven days later), no mandamus proceeding attempting to force the Governor to act was filed, nor was any official action taken by the proponents of the recall petition. The lower Court held specifically that the five-day period provided in R.S. 42:347 was mandatory and the Governor having failed to act within that time the entire recall procedure was nullified. The lower Court then issued an injunction- prohibiting the holding of the recall election.
“On appeal, the Court of Appeal, Third Circuit, affirmed the decision of the lower Court, but it did not sanction the board contention asserted by plaintiff and adopted by the lower Court that failure on the part of .the Governor to issue his proclamation within five days from the date of the receipt of the recall petition by him will invalidate all recall petitions. The Court of Appeal, after reviewing the cases of Pinder v. Board of Supervisors of Calcasieu Parish, supra, and State ex rel. Baggett v. Long, supra, made the following pronouncement:
“ ‘We do not believe that either of the cited decisions provides any determinative guide to assist this court in determining the validity of the ordering of the present recall election eight months after the recall petition had been presented to a former Governor, in the face of the mandatory statutory requirement that such be done within five days after presentation of the petition to the state’s chief executive.
“ ‘But even though the timely ordering pursuant to LSA-R.S. 42:346(7) of the recall election be not sacramental to its validity, and be considered rather as a provision to permit the recall petition to mandamus the Governor if he fails to act within that time, nevertheless we find that, under the facts of this case, any right the recall petitioners may have had to require the calling of the election was abandoned by their failure during the eight months following the filing of the petition with the Governor to take any formal action requiring compliance with the mandatory statutory requirements governing the calling of recall elections under LSA-R.S. 42:341, et seq.’ (Emphasis added.)
■ “From the foregoing, it is clear that the appellate Court’s decision was based ‘under the facts of this case’, — namely, the long period of time elapsing between the date *303 of the filing of the petition and the issuance of the proclamation, the failure of the proponents during that time to take any formal action to force compliance thus indicating an abandonment of the recall effort, the expiration on December 31, 1960, of all registrations in LaSalle Parish, and that less than twenty people had re-registered in LaSalle Parish on January 12, 1961, the date of the Governor’s proclamation. It was because of those facts that the court held that there was 'so insubstantial a compliance with the mandatory statutory provisions as to invalidate the subsequent, unreasonably delayed order calling the recall election’.
“In the case at bar there is no evidence of laches or abandonment by the petitioners of their recall effort. On the contrary, all of the evidence shows that the petitioners pressed their recall petition with vigor and determination at all times, using all means in their power to accomplish the calling of the election, even employing counsel to file a mandamus suit, which was averted by the Governor at the last minute.
“It is the opinion of this Court, from the sparse jurisprudence on the subject, that, while the five-day period provided in R.S. 42:347 is mandatory, it is not sacramental, and the mere failure of the Governor to act within that time does not, in itself, invalidate a proclamation issued by him after that period of time, provided the order is not unreasonably delayed. The statutory five-day period is provided as a protection for the recall petitioners, so that thereafter they can mandamus the Governor to perform his ministerial duty, as was done in State ex rel. Baggett v. Long, supra. To hold otherwise would, in effect, place the entire recall procedure in the hands of the Governor — those he favored he could sanction by issuing the proclamation within the five day period and those he did not favor he could nullify by mere inaction during the five-day period. Further, since it has been judicially determined that mandamus is a proper action to force the Governor to issue an election proclamation under the Statute, such remedy would be useless and unavailing if his failure to act within the five-day period strikes the entire recall effort with nullity.
“It is the opinion of the Court that while the Governor did not comply with R.S. 42:-347 by issuing his proclamation within five days, the issuance of the election proclamation on February 27, 1961, was not an unreasonable delay, for which delay the proponents of the recall election were in no way responsible, and the order calling the election is valid and legal. Consequently, there will be judgment in favor of the defendant and against the plaintiff recalling and setting aside the rule nisi issued herein and denying plaintiff’s application for a preliminary injunction.”
We agree with our trial brother’s scholarly and lucid analysis of the jurisprudence and his holding as to its application under the facts before us in the present case; and, we therefore adopt his reasons for judgment as our own.
For the foregoing reasons, at the cost of the plaintiff-appellant, the trial court judgment is
Affirmed.
On Application for Rehearing.
Rehearing denied, en Banc.