407 So.2d 671 (1981)
Robert D. PONDS
v.
Hon. David C. TREEN, Governor of the State of Louisiana, et al.
No. 81-C-2380.
Supreme Court of Louisiana.
December 14, 1981.
*672 William J. Guste, Jr., Atty. Gen., Kenneth C. DeJean, Asst. Atty. Gen., Cynthia D. Young, Staff Atty., for defendant-applicant.
Kathy J. Johnson and Jimmie C. Peters, Jena, for plaintiff-respondent.
WATSON, Justice.
Plaintiff, Robert D. Ponds, filed this suit to enjoin an election for his recall as a member of the LaSalle Parish School Board. LSA-R.S. 18:1300.17. The election was fixed for April 4, 1981. The trial granted a preliminary injunction on February 19, 1981. Defendants appealed on February 20, 1981, but did not move for expedited consideration of the appeal. Also, they did not apply for supervisory writs in the court of appeal or this court. LSA-C.C.P. art. 2201.[1] Compare Roy v. Board of Supervisors of Elections, 198 La. 489, 3 So.2d 747 (1941). Since the election date had passed before the appeal was considered, it was dismissed as moot by the court of appeal.[2]Ponds v. Treen, 401 So.2d 450 (La.App. 1 Cir. 1981). A writ was granted to review the judgment. 404 So.2d 280 (La.,1981). Defendants contend that the court of appeal erred in not ruling on the merits of the recall petition.
Shortly after Ponds' re-election to the LaSalle Parish School Board on November 4, 1980, a recall petition was presented to the LaSalle Parish Registrar of Voters on November 25. The first signature of the petition was obtained on November 13. Ponds commenced his new term of office on January 5, 1981, when he took the oath. The trial court enjoined the recall election on the ground that the petition was moot on the expiration of the prior term of office on December 31, 1980, and could not affect the subsequent term.
Louisiana has held that malfeasance in a prior term of office furnishes grounds for removal during a subsequent term. State v. Bourgeois, 45 La.Ann. 1350, 14 So. 28 (1893). However, the right to recall a public official under LSA-R.S. 18:1300.1, et seq., does not turn on malfeasance, regardless of the term of office. The electorate has an absolute right to recall public officers for any reason or no reason. That is, however, immaterial at this time. The only issue is the trial court's action in enjoining the election fixed for April 4, 1981. That question is moot.
An advisory opinion on the merits of the recall petition at this point would be an injustice to Ponds. LSA-R.S. 18:1300.14 states that a second recall election cannot be held for an eighteen month period. The obvious intent of this provision is that public officers will not be harassed by repeated efforts at recall. An opinion on the merits of this recall petition might result in an election being held long past the time when the will of the voters was expressed last November. The volatile nature of the electorate is shown by the fact that the recall petition came immediately after Ponds' successful re-election. There is no way of knowing whether a recall election at this time would be in accord with the wishes of the electorate or not. The best method of making this determination would be a new recall effort.
The harsh remedy provided by the recall election statutes must be strictly construed. Bradford v. Board of Supervisors of Elections, 128 So.2d 468 (La.App. 3 Cir. 1961). LSA-R.S. 18:1300.7 mandates that the election be called within five days after the petition is presented to the governor. An eight month delay in calling an election invalidates a recall petition. Bradford, supra. The petition to recall Ponds has also been invalidated by the passage of time. Now, over a year later, the petition cannot be resurrected.
"[A] recall petition is deemed abandoned by laches when the recall petitioners *673 do not actively pursue their remedy so as to require substantial compliance with the mandatory statutory requirements that recall elections be held expeditiously within a limited period after the recall petition is first presented for processing to government authorities." Cloud v. Dyess, 172 So.2d 528 at 530 (La.App. 3 Cir. 1965). Defendants have failed to timely assert their rights and cannot now complain. Bradford, supra.
For the foregoing reasons, the judgment of the Court of Appeal is affirmed.
AFFIRMED.
DIXON, C. J., concurs.
MARCUS, J., concurs and assigns reasons.
DENNIS, J., concurs with reasons.
LEMMON, J., dissents and will assign reasons.
MARCUS, Justice (concurring).
I do not consider that a recall petition remains valid once the term of a public officer has expired. Therefore, when plaintiff was sworn in on January 1, 1981, all previously submitted recall petitions became invalid. Of course, malfeasance in a prior term of office may furnish grounds for removal during a subsequent term; however, such removal would require a petition to be signed and submitted in the subsequent term. Accordingly, I respectfully concur.
NOTES
[1] LSA-C.C.P. art. 2201 provides:

"Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction."
[2] Defendants' brief was filed on March 27, 1981. Plaintiff's brief was timely filed on April 16, 1981, after the election date.