GRISBAUM, Judge.
Intervenors in the trial court, Donna Laurent, Robbie W. Tomeny, Harris Butler, and Ronnie Byrd, have taken writs of review and/or this devolutive appeal from the trial court’s judgment granting a preliminary injunction on April 15, 1985, enjoining the Registrar of Voters, Betty T. Madere, and all other public officials from initiating and administering any duties in connection with the election to recall Kat-hyrn B. Page, School Board Member, St. John the Baptist Parish. The appellants assign as error the following:
(1) The trial court erred in holding that the Registrar, in determining the number of signatories who are electors in the voting area, cannot include a signatory who has not included his complete address, including either a post office box number, a route number, or a street number and the township or whose name as affixed to the petition does not appear exactly the same as the name on the Registrar’s roll of electors, even though the signatory is otherwise fairly identifiable as an elector in the voting area;
(2) the trial court erred in holding that a Registrar’s failure to certify the total number of voters as of the date the petition was certified absent a prima fa-cie showing of likelihood of prevailing on the merits and of irreparable harm, entitle plaintiff to a preliminary injunction.
Kathryn B. Page, a member of the St. John the Baptist Parish School Board, whose recall was sought pursuant to Louisiana Revised Statute 18:1300.1 et seq., brought an action in trial court seeking a preliminary injunction to enjoin the recall *1038 election alleging irregularities in the election, including the following:
(1) in determining the number of persons whose names appear on the recall petition and are qualified electors in said voting area, Betty Madere, Registrar of Voters, improperly included names of persons whose names and signatures were not affixed to the recall petition in the same manner as their name appears on the Registrar’s roll of electors;
(2) Madere included persons who would not properly affix their complete address and also included some who did not properly affix the date that they signed the recall petition; and
(3) Madere failed to certify the number of electors of the correct voting area, as of the date of execution of the certificate.
The plaintiff alleged that if Madere had properly certified the recall petition in question, there would not have been sufficient names to mandate the Governor to schedule the recall election; however, the plaintiff fails entirely in her burden of proving this allegation.
The required percentage of registered voters to sign a recall petition in order to effect a recall election is 33V3 percent pursuant to Louisiana Revised Statute 18:1300.2. Incumbent upon the plaintiff is the burden of proving that specific signatures should be stricken from the petition due to irregularity. Page demonstrated at trial that seven signatures were not accompanied by dates of signature, as required by Louisiana Revised Statute 18:1300.3(E). However, the general testimony of Registrar Madere to the effect that she did not require each signature be meticulously matched against the roll of registered voters, is simply general testimony and does not prove irregularity in specific signatures. As provided by Louisiana Revised Statute 18:1432, in pertinent part, if a trial judge in an action contesting an election determines that the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been required to vote, the judge may render judgment declaring the election void. Obviously, seven irregular signatures do not change the result of the election.
Page contends Louisiana Revised Statute 18:1300.3(E) imposes a restrictive requirement that full addresses, which include towns or townships, be set forth by a signatory on the petition. The statutory provision is directed to the Registrar of Voters of parishes wherein recall elections are sought, however, and is not directed to recall petitioners. Hence, it is within the discretion of the Registrar to determine the sufficiency of the signatories’ address such that a fair identification may be made. The verification of addresses is mandatory but not sacramental.
Finally, Page alleges that Madere, when certifying the number of electors in the voting area, failed to do so on the date of the execution of the certificate. Page contends that the Governor, therefore, could not correctly calculate the percentage of electors who signed the petition and that his subsequent proclamation was erroneous. We find, however, that on February 15, 1985 Madere indicated that the number of recall petitioners was actually greater than the 1,969 total votes in the area as had been previously stated. Madere failed to give the difference in the total numbers; however, she stated that the number of recall petitioners in front of her was sufficient for a recall election. The plaintiff could have requested the exact number, but failed to do so; and again, the plaintiff has failed entirely in proving that the total number of voters in the area fell beneath the required percentage.
Accordingly, we reverse the trial court’s judgment enjoining the recall election, and the preliminary injunction is hereby set aside.
REVERSED AND SET ASIDE.