DENNIS, Justice,
concurring:
I respectfully concur in the majority opinion because I agree that the recall petition became invalid upon the expiration of the term during which it was presented to the registrar. However, I disagree with the alternative basis for decision offered by the majority, i.e., that the petition “has also been invalidated by the passage of time.” Neither case cited for support of this conclusion provides support for it in this factual context. In Bradford v. Board of Supervisors of Elections for LaSalle Parish, 128 So.2d 468 (La.App. 3d Cir.1961), the petition was presented to but not acted upon by the Governor. Eight months later, the Governor called the recall election. Recall petitions are not political weapons to be taken advantage of at the whim of the officials charged with the duty of enforcing the electorate’s will. The Bradford Court simply held that even accepting defendant’s argument that the five day period within which the Governor was required to act after being presented with the recall petition was for the protection of the recall petitioners, enacted so as to enable them to compel performance of the required ministerial act by mandamus, the defendants had not taken action to so compel action by the Governor. Nor is the instant case controlled by Cloud v. Dyess, 172 So.2d 528 (La.App. 3d Cir.1965), in which the recall petition was deemed abandoned due to the petitioners’ “failure to actively pursue their remedy.” Our petitioners presented the petition to the registrar promptly, and the election date was set. The petitioners have done all that could be asked of them; their failure to move for expeditious consideration of their appeal or to apply for supervisory writs should not be treated as inaction by the petitioners when they in fact did appeal, especially given the purely discretionary nature of the appellate courts’ dis-postion of such actions.