DUFRESNE, Judge.
This is an appeal by Gary Bougere, May- or of Harahan, from a judgment denying injunctive relief in his suit to halt an election to recall him from office, presently set for January 16, 1988. Because we find that the trial judge erred in not striking from the petition 207 names which were improperly certified by the registrar of voters, and further find that elimination of these names reduces the number of qualified electors petitioning for the recall election to below one-third of the registered voters of the city, which are required to place a recall proposition before the electorate, we reverse the judgment of the trial court and enjoin the election.
The facts are these.
On the date the petition was certified by the Registrar of Voters for Jefferson Parish, there were 6,811 registered voters in the city of Harahan. Under La.R.S. 18:1300.2(B), at least one-third of these voters, or 2271, must have properly indicated on the recall petition that they wished to have a recall election held. The petition submitted to the registrar was signed by over 3,000 people. However, after reviewing the petition, he determined that only 2,537 of these people were qualified electors of Harahan whose names were entered on the petition in compliance with all applicable laws. Since this number was more than the 2271 required, he certified these figures and sent the petition to the governor, who then set the recall election for January 16, 1988.
Mayor Bougere thereupon sought to enjoin this election, alleging pertinently that a number of names sufficient to reduce the final figure below the requisite 2271, were improperly certified by the registrar. After trial on the merits, the trial court found that [through oversight or inadvertence] the registrar had erroneously certified 116 names, and he ordered these removed for the following reasons:
1.) Three of the names should have been removed because these electors had submitted written requests to remove their names from the petition;
2.) Three names which were counted should have been removed because the signatures were not dated as required by La. R.S. 18:1300.2(D);
3.) Thirty names which were counted should have been removed because the signatures on the petition did not appear to be the same as those appearing in the records of the registrar, as per La.R.S. 18:1300.-3(E);
4. Eighty names which were counted should have been removed because they were mistakenly counted twice.
The trial judge further found that the addresses of 207, of the electors who signed the petition were not affixed to the petition by those electors themselves, but were instead written in by third parties. He ruled, however, that this fact was of no legal consequence, and declined to declare these 207 names invalid. He determined that after removing the 116 invalid names from the registrar’s figure of 2537, the petition still contained 2421 valid names, or 150 names above the requisite 2271, and therefore ruled that the recall election was properly called on the basis of a petition of one-third of the registered voters of Hara-han.
We note here that neither appellant nor appellees requested that a transcript of the trial be prepared and made part of the appellate record. In addition, appellees have stipulated that the findings of fact made by the trial judge in his reasons for judgment are correct. c.f. Code Civ.Pro. art. 2131. We further find that the trial court’s reasons for judgment render the record sufficiently complete to review the judgment. Peacock v. West Carroll Police Jury, 454 So.2d 1253 (La.App. 2nd Cir.1984); Robinson v. Jackson, 255 So.2d 846 (La.App. 2nd Cir.1972).
On the record before us, there is nothing to suggest that the trial judge was factually or legally mistaken in declaring invalid 116 of the names certified by the registrar. We have also meticulously examined the evidence bearing on his determination that *503 the addresses of 207 of the signers were affixed to the petition by persons other than the signers themselves, and again find no manifest error in this factual finding.
The only question remaining is thus whether or not these 207 names are void because these electors did not themselves affix their addresses to the petition.
This particular question is res nova. However, there are two principles of the laws governing recall petitions that are settled. The first is that under our state constitution the voters have an absolute right, with or without reason, to recall their elected officials; the second is that in the exercise of this right they must strictly comply with the procedures established by the legislature. Ponds v. Treen, 407 So.2d 671 (La.1981).
There are three statutory provisions which deal with the question before us.
The most general of these statutes is La.R.S. 18:3, which provides that any petition submitted to the registrar must contain the signature, address, date of signing, ward and precinct of each elector whose name appears on the petition.
More specifically, La.R.S. 18:1300.2(D), states:
“Each elector, at the time of signing the petition, shall enter his address and the date on which he signed beside or underneath his signature.” (Emphasis added)
La.R.S. 18:1300.3(E) provides:
“In determining the number of persons who are electors in the voting area, the registrar shall not include ... the name of any person who has not affixed to the petition his signature and his address.” (Emphasis added)
In strictly construing the above statutes, as we are required to do, we can only conclude that the legislature set forth three items which shall be affixed to the petition by the voter himself, i.e., his signature, his address and the date upon which he signed. We hold, therefore, that 207 persons whose addresses the trial court found had not been affixed to petition by these voters themselves, must be stricken from the petition. Removal of these names leaves the petition short of the two-thirds of the electors necessary to place the recall proposition on the ballot, and the holding of that election presently set for January 16, 1988, is hereby enjoined.
We have carefully weighed the arguments of the petitioners’ counsel, particularly their assertion that the interpretation of the above statutes which we adopt today is overly technical, and does not accord with any reasonable legislative purpose in enacting these laws. They argue in this regard that the only purpose for requiring the address of the voter is to facilitate the work of the registrar in determining whether or not an elector signing the petition is a voter within the applicable voting area. We might subscribe to this view were we not bound to strictly adhere to the written law in this matter, or were the statutes ambiguously worded. However, for us to construe the clear legislative language that 1) each elector, when signing a petition “shall enter his address”, and 2) that the registrar shall not include the name of any such elector who has “not affixed to the petition his signature and his address”, in the manner urged by the petitioners would require that we in effect read these phrases out of the statutes, or simply ignore them. This we are simply not empowered to do under our constitution and laws. Further, the recall election process is a very harsh procedure and all laws must be complied with fully. To protect the integrity of the election process, only those signatures of electors who have been properly validated and who have followed the procedures as enacted by the Legislature should be certified and counted.
We do not address the other issues raised by the appellant and pretermit any ruling thereon since the removal of the above 207 names leaves the recall petition insufficient to satisfy the recall requirements.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the Petition for Injunction filed by Gary Bougere, Mayor of Harahan is granted. The defend *504 ants are enjoined from conducting the recall election scheduled for January 16, 1988, due to the insufficiency of the recall petition. The costs of this appeal are to be paid by the appellees.
JUDGMENT REVERSED, INJUNCTION ISSUED.