Dear Mr. Bernard:
We are in receipt of your request for an Attorney General's opinion regarding recall petitions and nominating petitions. You have requested an opinion on the following questions, as they affect both a recall petition and a nominating petition:
 1. Is it the responsibility of the registrar of voters to determine if a recall or nominating petition is in compliance with R.S. 18:3? If not, who is responsible for this action?
 2. Should a registrar count a signature on a petition that has no ward/district and/or precinct number?
 3. Should a registrar count a signature on a petition that has a wrong ward/district and/or precinct number?
 4. Should the registrar count a signature where the ward/district and/or precinct number appears to have been added by someone other than the voter?
 5. Should the registrar count a signature that has no residence address or a residence address that is different from the residence address on file in the registrar's office?
 6. Should the registrar count a signature that has a residence address that appears to have been added by someone other than the voter?
 7. Should the registrar count a signature that does not have the voter's name typed or legibly written?
 8. Should the registrar count signatures on a petition where the individual who witnessed and obtained the signature has signed and dated the petition only once at the end of the petition and not opposite each signature? If yes, what should be the procedure when more than one individual witness signs and dates the petition at the end of the petition and not opposite each signature?
 9. Should the registrar count a signature that is not exactly the same as the name on his rolls?
In response to your questions, our opinion will apply to both recall petitions and nominating petitions, unless specified otherwise. LSA-R.S. 18:3 purports to apply to all petitions which must be submitted to the registrar of voters for certification under the law, not merely recall election petitions or any other one particular kind of petition to be submitted. You question whose duty it is to determine whether a petition is in compliance with LSA-R.S. 18:3.
In the Case of State ex rel. Baggett vs. Long, 60 So.2d 96
(La.App. 1st Cir. 1952), the issuing of a writ of mandamus directing the governor to call a recall election was affirmed. The governor had refused to order an election because the registrar's certificate did not show that he had certified the number of electors "within ten days after presented to him for that purpose" as required by law. While the court held that this was a mandatory statutory requirement, it also held that the timely certification was not "sacramental" to the validity of an ordering of a recall election, further that, there being an "absence of any showing that the certificate was not made within the ten days", the registrar was presumed to have performed his statutory duty. In this case, the governor argued that it was his duty to take cognizance of any fatal errors in the procedure of the recall petition.
It has long been the practice of the governor to request the Attorney General's opinion as to the validity of a recall petition. Furthermore, it has long been the practice of the Attorney General's office to render such an opinion, which includes an opinion on the proper form of the petition as required by R.S. 18:3 and any other relevant law. In the Case of Gossen vs. Registrar of Voters, 59 So.2d 461 (La.App. 1st Cir. 1952), the court concluded that nothing is to be done by the registrar of voters, except the certification as provided in LSA-R.S. 42:343 (now R.S. 18:1300.3).
In response to your first question, it is not the registrar's responsibility to determine if a petition is in compliance with R.S. 18:3. If anyone's duty, it is our opinion that it is the governor's duty to review the validity of the form of the petition. In regard to your second and third questions, LSA-R.S.18:1300.2(D) provides, for a recall petition, as follows:
 ". . . In determining the number of qualified electors who signed the petition in any parish, the registrar of voters shall not count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the registrar or after the last day herein above set forth for submission of the petition to the registrar . . ."
Also, LSA-R.S. 18:1300.3(E) provides, in pertinent part:
 "E. In determining the number of persons who are electors in the voting area, the registrar shall not include either the name of any person who has not affixed to the petition his signature and his address or the name of any person whose name affixed to the petition is not the same as the name on the registrar's roll of electors"
In summary, the law prohibits the registrar from counting a signature, with regard to a recall petition, only in the following instances: (1) An undated signature; (2) A signature dated prior to the initial filing of the petition or after the last day for receiving signatures on a petition; (3) In determining the number of persons who are electors of the voting area, any person who has not affixed his signature and address to the petition; and (4) Any person whose name affixed to the petition is not the same as the name on the registrar's roll of electors.
With regard to a nominating petition, LSA-R.S. 18:465(E) provides, in pertinent part:
"E. Certification. (a)
* * *
 (b) The registrar for each parish shall endorse upon the nominating petitions, . . . and shall promptly certify the nominating petitions, in the order received, by determining and certifying on each nominating petition which of the signers who provided a residence address in the parish signed the nominating petition timely and are registered to vote on the office the candidate seeks."
In summary, the law requires the registrar to certify signatures with a residence address which were signed timely and in which the signers are registered to vote on the office the candidate seeks in the election. With regard to a nominating petition, the law does not specifically prohibit the registrar from counting signatures in certain instances as in regard to a recall petition.
With regard to case law on the issue, in Merritt vs. Hathorn,537 So.2d 340 (La.App. 2nd Cir. 1988), the court found that the mere failure of the voter to include the name of the town in addition to his specific municipal number, apartment number, rural route, and box number, or the failure to include the year to the day and month of his signature was not serious enough to warrant striking the name from the petition.
The law quoted above provides for the specific instances in which the registrar shall not count a signature, and the failure of the petition to include a ward/district and/or precinct number is not such an instance. Therefore, it is our opinion that the registrar shall count all signatures as provided for by law, except those signatures specifically prohibited by law from being counted (R.S. 18:1300.2(D) and 1300.3(E)). However, as stated above, the provisions of R.S. 18:3 must be complied with in all petitions, but it is not the duty of the registrar to determine the validity of the form of the petition.
In response to your fourth question, in the case of Merritt, (cited above), the court concluded that whether the address is entered by the hand of the elector or by a third party appears to be of little if any significance. The court's holding was based on at least two rationales upon which addresses entered by third parties can be found valid. [Bougere vs. Edwards,517 So.2d 501 (La.App. 5th Cir. 1987) and Sanders vs Department of Health and Human Resources, 388 So.2d 768 (La. 1980)]. Therefore, it is our opinion that the ward/district and/or precinct number may be affixed to the petition by the signer or a third party. However, as stated above, the law specifically provides for those instances in which the registrar shall not count a signature, and it is not the duty of the registrar to verify the form of the petition.
Your fifth and sixth questions have been answered in our response to your second and third questions. For a recall petition, it is required by law that the registrar not count the ". . . name of any person who has not affixed to the petition his signature and his address . . ." (R.S. 18:1300.3(E), Emphasis Added). For a nominating petition, it is required by law that the registrar certify to the number of signers who provide a residence address, sign timely, and are registered to vote on the office the candidate seeks. In summary, it is our opinion, with regard to a recall petition, that the registrar not count the signature of any person who has not affixed to the petition both his signature and his address, as it appears on the registrar's roll of electors. However, it is also our opinion that it is the registrar's discretion to determine the sufficiency of the signator's address such that a fair identification may be made. (Page vs. Madere, 469 So.2d 1036
(La.App. 5th Cir. 1985). It is our opinion, with regard to a nominating petition, that the registrar only count a signature which includes a residence address, has been signed timely, and in which the signer is registered to vote on the office the candidate seeks.
In response to your seventh question, LSA-R.S. 18:3 requires the name of the signatory to be typed or legibly written, however such information is not required by any law to be written by the signatory himself nor at the time of his signature. Again, it is our opinion that the registrar count all signatures as required by law, except those signatures specifically prohibited by law from being counted (R.S. 18:1300.2(D) and 1300.3(E)), and it is not the duty of the registrar to verify the form of the petition.
In response to your eighth question, with regard to the witnessing of signatures the Attorney General previously opined in Opinion Number 87-459, as follows:
 "Every registered voter who signs a petition has a signature, voter registration address, voter registration name, voter registration ward and precinct, and the date on which he signed such petition; therefore, all of this particular information called for on the form of the petition by R.S. 18:3
exists in every case and is required to be on the petition. However, a careful reading of R.S. 18:3
reveals no language that actually sets forth a requirement that there shall be, in every situation, a person who solicits, witnesses, and "obtains" each signature to a petition or that each signature shall be "obtained" and witnessed by another person; rather, R.S. 18:3 sets forth merely requirements of form for petitions that are to be submitted to registrars of voters for certification. In order to determine whether the law requires that another person witness and "obtain" each signature to a particular petition, one must look to those more particular laws dealing specifically with the subject matter of the petition at issue to see if those laws require same, and if they do, then such information must be contained in the petition in accordance with R.S. 18:3 . . ."
In looking specifically at a recall petition, the only signature required to be witnessed is when a person is unable to write. (R.S. 18:1300.4) With regard to a nominating petition, R.S.18:465(D) requires each signature on the petition to be dated and witnessed by the candidate or the person who obtained the signature on his behalf. Again, it is our opinion that the registrar count all signatures as required by law, except those specifically prohibited from being counted, (R.S. 18:1300.2(D) and 1300.3(E)), and it is not the duty of the registrar to verify the form of the petition.
In response to your last question, it has long been and remains the opinion of our office that an elector should sign his name on a petition as it appears on his registration application; however, the fact that there is an error in the initials or something to that effect is not sufficient to cause the removal of the name from the petition, provided the registrar is satisfied that the person is the same one whose name appears on the registration rolls. (Attorney General Opinion Numbers 1932, p. 184; 1960-62, p. 75; 77-554). The registrar should not be required to be an expert in observing signatures, however, it is our opinion that the registrar shall make a reasonable identification of a voter's signature prior to certification of said name. (Attorney General Opinion Number 91-413). However, if the name of any person whose name affixed to the petition is not the same as the name on the registrar's roll of electors, the registrar shall not count the signature. (R.S. 18:1300.3(E)).
We hope that the above satisfactorily answers your inquiries, and should we be of any further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/lg
Enclosures