Dear Mr. Morris:
We are in receipt of your request for an Attorney General's opinion regarding a recall petition. We are in receipt of a copy of the following documents:
• Letter dated December 8, 1999 from Fox McKeithen to Bryan Miles, Chairman, Recall Committee, acknowledging receipt of a recall petition for Rickey A. Jones, Sheriff, Tensas Parish. The letter states that the recall petition was filed in the Secretary of State's office on December 6, 1999. The letter further states, "According to the records of this office, Mr. Jones' term of office as Sheriff, Parish of Tensas, for the unexpired term does not begin until the votes are certified by the Parish Board of Election Supervisors and Commissions are issued by this office. The regular term does not begin until July 1, 2000." [We have confirmed with the Secretary of State's office that Mr. Jones was issued a commission for the unexpired term of Sheriff, Tensas Parish, on December 17, 1999.]
• Recall Petition to the governor for the purpose of recalling Rickey Aaron Jones, Sheriff, Parish of Tensas, designating Bryan Mack Miles, Chairman and Arlone Brown, Vice-Chairman, stamped received by the Secretary of State on December 6, 1999.
• Letter undated from Bobby D. Higginbotham to the Honorable Suzanne Haik-Terrell, Commissioner of Elections, explaining the recall effort and requesting assistance from Baton Rouge for the verification of signatures for validation.
• Letter dated May 23, 2000 from Commissioner Terrell, responding to Mr. Higginbotham's letter. The letter explains that the Commissioner's office does not participate in the validation of signatures on any petition submitted to a registrar, but that in the past neighboring registrars have assisted registrars in validating signatures upon the request of the registrar who receives a petition and that she would be able to facilitate that in this matter.
• Letter dated May 25, 2000 from Mr. Higginbotham to Commissioner Terrell, responding to the Commissioner's May 23rd letter.
• Letter dated May 23, 2000 from RE-CALL 2000 to Mr. Earl Morris, Registrar of Voters, Tensas Parish, advising of the submittal of the completed re-call petition for Rickey Aaron Jones, Sheriff of Tensas Parish on or about May 31, 2000.
• Letter dated May 30, 2000 from RE-CALL 2000 to Mr. Morris, confirming a telephone conversation between Mr. Morris and Mr. Higginbotham that there were 4,761 active voters in Tensas Parish as of December 6, 1999, which number is the official number for the re-call effort. The letter further alleges that the "Re-Call Election Code" entitles the group to have a representative of the signers at the Registrar's office during the certification process, and further requests to be advised of where and when the certification process will begin.
• Letter dated May 30, 2000 from RE-CALL 2000 to Mr. Morris, stating that conflicting information was received with regard to the number of active voters in Tensas Parish as of December 6, 1999. The Registrar's office gave the group the number as 4,761 and the Commissioner's office gave the number of 4,928, and further informs that the petition will be submitted no latter than June 5, 2000.
We begin our analysis by reading the first statute of the Louisiana Election Code, Chapter 6-C on Recall Elections, R.S.18:1300.1, which states:
 § 1300.1 Recall authorized
 Any public officer, excepting judges of the courts of record, may be recalled in accordance with the provisions of this Chapter. However, no recall petition may be submitted for certification to or accepted for certification by the registrar of voters or any other official if less than six months remain in the term of office.
Prior to 1992, this statute did not include the last sentence, and thus, read as follows:
 § 1300.1 Recall authorized
 Any public officer, excepting judges of the courts of record, may be recalled in accordance with the provisions of this Chapter.
Louisiana Acts 1992, No. 949, amended R.S. 18:1300.1 to provide that no recall petition shall be submitted or accepted for certification if less than six months remain in the term of office. We are reminded to give strict construction to the Election Code articles on recall elections, as the courts have held that "the harsh remedy provided by the recall election statutes must be strictly construed." Bradford v. Board ofSupervisors of Elections, 128 So.2d 468 (La.App. 3 Cir. 1961).
This statutory language followed the Supreme Court's decision inPonds v. Treen, 407 So.2d 671 (La. 1981), wherein the Plaintiff, Ponds, filed suit to enjoin an election for his recall as a member of the LaSalle Parish School Board. In that case, Ponds was re-elected to the school board on November 4, 1980. A recall petition was presented to the registrar on November 25, 1980, where the first signature was obtained on November 13. Ponds started his new term of office on January 5, 1981. The recall election was fixed for April 4, 1981. The trial court granted a preliminary injunction before the recall election on February 19, 1981, and the matter was appealed. Defendants did not move for expedited consideration of the appeal, and therefore, by the time the issue was before the Supreme Court, it was moot. Nevertheless, the Supreme Court was of the opinion that the recall petition became invalid upon the expiration of the term during which it was presented to the registrar.
We point out the amendment in the law because prior to said amendment and prior to the Ponds case, our office concluded in Opinion Number 80-1651 that where a recall petition was circulated for public officials who had been re-elected for a new term, but had not yet taken their oath of office for the new term, said recall petition was an effective petition for the new term. Due to Louisiana Acts 1992, No. 949, amending R.S. 18:1300.1 and the 1981 jurisprudence contrary to our 1980 Attorney General opinion, we hereby recall Opinion No. 80-1651.
R.S. 18:1300.1 is applicable to the matter at hand, as well as thePonds case, wherein the facts are very similar. Here we have Mr. Jones presently serving out the unexpired term of the Sheriff, which term will expire June 30, 2000. Mr. Jones' new term of office for Sheriff does not begin until July 1, 2000. The recall petition was submitted to the Secretary of State, in accordance with R.S. 18:1300.2, on December 6, 1999. Therefore, the petition was submitted at a time when a little less than six months remained in the term of the office of Sheriff, which is being filled by Mr. Jones, the person who the recall group seeks to recall. Additionally, if the petition was meant to recall Mr. Jones' new term of office, starting July 1, 2000, it was submitted prior to the commencement of Mr. Jones' term, at a time when he had not taken his oath of office for said term. Thus, Mr. Jones was not a "public officer" subject to recall pursuant to R.S.18:1300.1 et seq at the time of the filing of the petition.
In conclusion, it is our opinion that since the recall petition was submitted within the last six months of Mr. Jones' present term of office, same is clearly not authorized by law pursuant to R.S. 18:1300.1. Additionally, it is our opinion that if the recall is meant to recall Mr. Jones' new term of office which begins on July 1, 2000, the present recall petition is invalid
upon the expiration of the term during which it was filed and therefore, not effective as to Mr. Jones' new term of office, as per the Supreme Court's decision in Ponds. Additionally, the law only provides for the recall of a "public officer", thus the petition cannot relate to the new term that commences on July 1, 2000. [R.S. 18:1300.1] Finally, we are of the opinion that strictly construing R.S. 18:1300.1 means that (1) no recall petition may be submitted for certification to a Registrar of Voters' office where there is less than six months remaining in the term of office for which the recall is applicable, nor (2) can the Registrar of Voters' office accept for certification a recall petition in said instance. If a petition is filed under these circumstances, it should be returned to the chairman of the recall committee.
Additionally, we state in general that a registrar's duties with regard to certification of recall petitions is clearly set forth in R.S. 18:1300.3. A registrar is not prohibited by law from asking another registrar or the Commissioner of Election's office for assistance in any matter, but no law entitles a representative of a recall effort to request such assistance. Finally, we know of no law which entitles a recall group to have a representative of the signers at a registrar's office during the certification process. R.S. 18:154 provides for the open inspection of the records of the registrar's office, but in no event does the law allow same to interfere with the performance of the duties imposed upon the registrar's office by law.
We trust the above and foregoing addresses all of your questions and concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL
Cc: Hon. Suzanne H. Terrell