Dear Mr. D'Aquilla:
You have requested an opinion of this office regarding the use of public funds by the Mayor of the Village of Wilson, Parish of East Feliciana, without the Board of Aldermen's authorization or consent, to pay legal fees incurred by the mayor to unsuccessfully contest a recall petition filed against him in his official capacity as mayor. Additionally you ask whether the organizers of the petition can claim reimbursement for their expenses incurred in defending the recall against the mayor's petition.
According to your request, a petition to recall the mayor was properly filed earlier this year and the mayor was recalled. You stated that:
1) The mayor used village funds to contest the recall petition without authorization and consent of the Village Council and unsuccessful in this attempt.
2) The organizers of the recall petition had to obtain an attorney and expend funds to defend the recall petition based on the mayor's contesting the petition. The organizers of the recall petition are not elected officials of the Village.
You have asked whether the mayor must be responsible for costs associated with his defense of the recall petition and if the organizers of the petition can claim reimbursement for their expenses from the mayor. *Page 2 
The petition was to recall Joshua Thomas as Mayor of the Village of Wilson, i.e., in his official capacity as mayor. La.R.S. 18:1300.17 (Right to contest preserved) notes in pertinent part:
Nothing in this Chapter shall be construed to deny to any public officer recalled, or whose recall is sought, the right to contest the recall, or any proceedings in relation thereto, in any court of competent jurisdiction, for fraud or other illegality.
When a local public official is the subject of an action arising out of the performance of the official functions of his office, and the judgment or prosecution results in an acquittal or dismissal, the public official's legal fees may be paid or reimbursed from public funds, provided the legal fees and expenses are reasonable and necessary. Our office has found that such a payment does not violate La.Const, art. VII, Sec. 14(A). See Atty. Gen. Op. Nos. 08-0319, 07-0045, 01-94, 99-180, 94-384, 87-699, 80-105.
However, this is not the case in this matter, as Mayor Thomas was recalled and he was unsuccessful in his legal action. In Atty. Gen. Op. No. 96-398, this office opined that a mayor cannot unilaterally hire and pay an attorney to defend him at the cost of the municipality without the concurrence of the board of aldermen. This conclusion was based on the separation of powers set up in the Lawrason Act, La.R.S. 33:321-463. The Village of Wilson is a political subdivision of the State of Louisiana operating under and governed by the Lawrason Act. Under the Lawrason Act, the mayor is the chief executive officer of the municipality and the board of aldermen is vested with the legislative powers, including the power to appropriate funds. Atty. Gen. Op. No. 06-0053. The mayor's expenditure of municipal funds without a specific appropriation by the board of aldermen is a "power denied him by law." Atty. Gen. Op. No. 00-439.
Past opinions of this office have examined the separation of powers between the mayor and board of aldermen and have consistently concluded that the board of aldermen has control over the municipal fisc, and their express or implicit authorization is required for all public expenditures. Atty. Gen. Op. No. 90-616. Atty. Gen. Op. No. 90-616 recognized that while the mayor may authorize an individual to perform services for the benefit of the city, he may not legally obligate the city to pay for those services without the approval of the board of aldermen. Likewise, Atty. Gen. Op. Nos. 95-226 and 93-283 concluded that when a contract involves the expenditure of funds belonging to the municipality, the mayor and board of aldermen have to concur in the contract. *Page 3 
Based on the separation of powers recognized in the Lawrason Act and past opinions of this office, it continues to be our opinion that a mayor cannot unilaterally hire and pay an attorney to defend him at the cost of the municipality without the concurrence of the board of aldermen.
Your second question is whether the organizers of the recall petition can be reimbursed for their expenses incurred in defending the suit filed by the mayor.
Louisiana courts have determined that the recall is a harsh remedy; therefore the provisions which govern the recall process must be strictly construed.[1] The Election Code has been deemedsui generis by the courts and relief is limited to the express relief available stated in the statutes. Unless the parties prayed for reimbursement and it was granted by the judge, there is no reimbursement available at this juncture.
We trust this satisfactorily answers your questions. Please feel free to contact our office should you have any additional concerns.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By:__________________________ WILLIAM P. BRYAN, III Assistant Attorney Gpneral
JDC/WPB, lll/jv
[1] La.R.S. 18:1300.1 et seq., Young v.Sanders. 38, 412 (La. App. 2 Cir. 4/7/04), 870 So.2d 1126; Bradford v.Board of Supervisors of Elections.128 So. 2d 468 (La. App. 3 Cir. 1961).