JiDOUCET, Chief Judge.
This appeal involves the sufficiency of a recall petition against Marie Cowan, Concor-dia Parish School Board Member for Concor-dia Parish, District 5A. Finding that the petition did not contain the requisite number of certified electors, the trial court rendered judgment enjoining the defendants from performing their ministerial duties relating to the recall election scheduled for September 21, 1996. The defendant-appellant, Gary O. Duncan, as chairman acting for all persons signing the recall petition, appeals.
On November 29,1995, a copy of the recall petition was filed with W. Fox McKeithen, the Secretary of State of the State of Louisiana to recall Marie Cowan from her office as School Board Member of Concordia Parish District 5A. On May 21, 1996, notice was given to the Registrar of Voters of Concordia Parish of the intent to submit a recall petition. On May 24, 1996, a recall petition was submitted to the Registrar of Voters. On June 14, 1996, the Registrar of Voters certified the recall petition to the Governor pursuant to La.R.S. 18:1300.3(C). On June 26, 1996, the ^Governor issued a proclamation directing an election be held on September 21, 1996, to determine whether Marie Cowan should be recalled from her office. On July 8, 1996, the plaintiff filed Petition to Set Aside and Declare Nullity of Certification and Proclamation of Recall Election and for Preliminary and Permanent Injunctions. The plaintiff alleged that the certification of information dated June 14, 1996, by Golda Ensminger, Registrar of Voters for Concor-dia Parish, Louisiana, to Governor Murphy J. “Mike” Foster, Jr., was erroneous and that the certification should be dissolved, set aside, and declared a nullity, and an injunction issued to prohibit the recall election. A hearing on the merits was held on July 11, 1996.
*1129 On July 15, 1996, the trial court rendered judgment finding that as a matter of law and a matter of fact, the recall petition did not contain the requisite number of certified electors as of November 29,1995, or June 14, 1996, which would require plaintiff to be subject to a recall election on September 21, 1996. Therefore, the trial court ordered that the plaintiff was entitled to a preliminary injunction enjoining all public officials named as defendants from performing the ministerial duties of the office relating to the recall election.
Appellant argues the trial judge erred in the following respects:
1) The trial judge erred in applying Act 555 of 1995 amending La-R.S. 18:1300.3 retroactively to effect a recall petition instituted and filed prior to the effective date of said Act.
2) The trial court erred in finding that the registrar erroneously certified certain recall signatures because no year, or an erroneous year was provided adjacent to the signature and/or because no city or town was provided in the address section of said petition.
Former La.R.S. 18:1300.3(A) stated as follows:
§ 1300.3. Certification of registrar of voters; addition or withdrawal of signatures; form of names
A. The registrar of voters of each parish in the state, wherein a recall election is sought, shall certify on the recall petition, within ten working days after presented to him for that purpose, the number of names appearing thereon, the number of persons who are electors of the voting area, and also the total number of electors of the voting area, as of the date of execution of the certificate. He also shall indicate on the petition the names appearing thereon who are not electors of the voting area.
13 Act 555 of 1995 amended La.R.S. 18:1300.3(A) as follows:
§ 1300.3 Certification of registrar of voters; addition or withdrawal of signatures; form of names
A. The registrar of voters of each parish in the voting area wherein a recall election is sought shall certify on the recall petition, within fifteen working days after it is presented to him for that purpose, the ■ number of names appearing thereon, the number of qualified electors of the voting area within the parish whose signatures appear on the petition, and also the total number of electors of the voting area within the parish as of the date of the filing of the petition with the secretary of state. However, if any parish wholly or partially within the voting area has more than fifty thousand registered voters, the registrar of voters for each parish within the voting area shall complete such certification on the recall petition within twenty working days after it is presented to him for that purpose. Each registrar also shall indicate on the petition the names appearing thereon who are not electors of the voting area. Each person who participates in the review of the names on the petition for certification by the registrar as required in this Section shall initial each of those portions of the petition which he reviews for certification by the registrar.
In determining whether to apply Act 555 of 1995 retroactively to a recall petition filed with the Secretary of State prior to the effective date of the Act, the Supreme Court in Rousselle v. Plaquemines Parish School Board, 633 So.2d 1235, 1244 (La.1994), established the following criteria in determining the retroactivity of statutes:
The general rule against retroactive application of legislative enactments and its exceptions, is codified in LSA-C.C. art. 6. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). It provides: “In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” Additionally, LSA-R.S. 1:2 provides that no statute is retroactive unless it is expressly so stated. It does not distinguish between substantive, procedural and interpretive laws as does article 6, but is generally construed as being co-extensive. See St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992).
*1130 A two-fold inquiry is required by article 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the 14enactment must be classified as either substantive, procedural or interpretive. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d at 816; Cole v. Celotex Corp., 599 So.2d at 1063. Substantive laws either establish new rules, rights, and duties or change existing ones, while interpretive laws merely establish the meaning the statute had from the time of its enactment. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d at 817. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Segura v. Frank, 630 So.2d 714 (La.1994). However, since application of legislative enactments has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions, even where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. Id.
Pursuant to former La.R.S. 18:1300.3(A) the registrar of voters was required to certify the number of valid electors of the voting area as of the date of the certificate forwarded to the Governor (June 14, 1996). Pursuant to Act 555 of 1995 the statute was amended to change the date the registrar of voters used to certify the number of valid electors in the voting area to the date the recall petition was filed with the Secretary of State (November 29,1995).
The Act did not provide that the statute be applied retroactively, but provided the effective date of the Act as January 1, 1996. We find that the amendment is a substantive change in the law establishing a different date for certification of the electors within the voting area, which substantively alters the elector base utilized to determine the number of voters required to sign the recall petition. For these reasons, we find the trial court erred in applying Act 555 of 1995 to a recall petition which was filed with the Secretary of State prior to the effective date of the act.
Applying former La.R.S. 18:1300.3(A), the registrar of voters determined that the total number of validated electors of the voting area as of the date of certification, June 14, 1996, was 2610. Pursuant to La.R.S. 18:1300.2(B), the recall petition must have been “signed by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors of the voting area_”, or 870 electors.
In the present case, the registrar of voters forwarded the recall petition to the Governor, certifying 876 valid signatures. On appeal appellant argues that the trial court erred in invalidating twenty-two (22) signatures because the electors did not |5provide adequate dates, and in invalidating thirty-two (32) signatures because their addresses were insufficient.
The statutory requirements for a petition to recall are primarily listed in La.R.S. 18:1300.2(D). This statute provides:
Each elector, at the time of signing the petition, shall enter his address and the date on which he signed beside or underneath his signature; however, if a person is unable to write, as provided in R.S. 18:1300.4, the two witnesses shall date their signatures. In addition, each petition shall be in compliance with the provisions of R.S. 18:3. In determining the number of qualified electors who signed the petition in any parish, the registrar of voters shall not count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar except as otherwise provided in R.S. 18:1300.3(B). The registrar shall not receive or certify a petition submitted to him for certification unless it is submitted to him timely.
In a similar vein, then, La.R.S. 18.3(A) states:
*1131 Notwithstanding any other provision of law to the contrary, every petition submitted to a registrar of voters for certification shall contain the following information:
(1) The signature of the voter who is signing the petition; ....
(2) The date the voter signed the petition.
(3) The signer’s ward/district/precinct.
(4) The address at which the signer is registered to vote, including municipal number, apartment number, rural route, and box number.
(5) Name of the signer either typed or legibly written.
(6) Name of the person who witnessed and who obtained the signature.
(7) Date on which the person witnessed and obtained the signature.
We find these provisions to be straightforward. In the instant case, the trial court correctly noted that these provisions are to be strictly construed. See, Bradford v. Board of Supervisors of Elections, 128 So.2d 468 (La.App. 3 Cir.1961). We find that the trial court was correct in striking the names of the signatories who did not properly date their signatures by failing to include the year or in writing a date which is prior to the filing of the petition to recall with the Secretary of State. The reasoning by appellee that the date was clarified by extraneous information, such as the date of the witnesses’ verification, is of no moment. The statute contemplates that the witnesses will date the verification; yet, the legislature made the additional requirement that the person signing the petition also date their signature. We find the | (¡trial court’s ruling in this respect, then, was not in error. While this finding alone supports the trial court’s judgment as the striking of these twenty-two (22) signatures lowers the number of signatories to the recall petition below the number required for the recall election to go forward, this court will proceed to discuss the striking of the remaining signatures on the basis of the failure to include the name of the town in which the signatories are registered to vote.
We are unpersuaded by appellant’s argument that the failure of some of the signatories to the petition to provide the name of the town in their address was not fatal to their signing of the petition. Again, the legislature stated that the signatories should provide their address when signing the petition. While the language of the statute states that the address should include the municipal number, apartment number, rural route, and box number specifically, we find that this language does not excuse the failure to put the town in the address. Obviously, many addresses may be exactly the same except for the town in which the persons reside. The name of the town is a mandatory portion of the address without which the exact address cannot be known.
Appellant contends that in the instant ease the failure of some of the signatories to give the town in which they live as a part of the address was of no consequence since the registrar of voters testified that she was able to verify the signatures by reference to the voter registration cards on file in her office. Here again, we defer to the legislative requisites for these petitions. The legislature is well aware of the ability of the various registrars of voters in this state to verily the signatures on a petition with the signatures on file in the registrars’ offices. Even so, the legislature placed in the requirements of La. R.S. 18:3(A) that the signer give their address. In the instant ease, the trial court correctly ruled that the signatures of those who did not properly give their full address, including the town, should be struck.
This court notes that appellant relies on Merritt v. Hathorn, 537 So.2d 340 (La.App. 2 Cir.), writ denied, 538 So.2d 578 (La.1988). Initially we note that in Merritt, the recall was of the mayor for the Town of Minden. Thus, after finding that the failure to include the name of the town in the address was not statutorily required by La.R.S. 18:3(A), the court stated, “it is obvious that the recall petition is for the recall of the mayor of the Town of Minden, so the name of the town in addition to his specific municipal. number, apartment number, rural route, and box number should |7be of no significance.” Id. at 342. Regardless, we find that the statute requires a complete address, including the town, and the complete date. Accordingly, *1132 we affirm the trial court’s judgment at appellant’s cost.'
AFFIRMED.