Dear Registrar Moreau:
In light of the recent Second Circuit Court of Appeal ruling in the case of Willie J. Young, Sr., et al vs. Patricia Sanders, No. 38,412-CA, you seek a legal opinion from the Attorney General on the following questions:
 What items are registrars of voters required to review and certify when in receipt of a petition for recall?
Are registrars required to ascertain if the petitioners are registered to vote in the district or municipality?
In relation to the signatures on the petition and in light of the recent court decision, is the registrar required to pull original records and compare signatures on the petition to the voter's record?
If yes, after such comparison should the registrar not count or consider those as qualified voters in the district whose signatures do not match?
 The Second Circuit Court of Appeal decided the case of Young, supra, and apparently did not agree with the more than 75 years of legal advice from the Attorney General[1] to the registrars on the matter of certifying recall petitions. Nor did they agree with several other court decisions in other circuits of this state on the matter. Therefore, we applied for a review of this Second Circuit opinion, but the Louisiana Supreme Court declined to review the matter. The courts have stated that one circuit court of appeal is not bound by another circuit court of appeal, nor does the denial of a writ application by the Louisiana Supreme Court create precedent:
 This Court is not bound to follow the decision in American Road, supra, in spit of the subsequent denial of writs for it is well settled that a denial of writs is not tantamount to approval of a court of appeal opinion nor does it create precedent. LaFleur v. Fidelity and Casualty Co. of New York, 385 So.2d 1241 (La.App. 3rd Cir. 1980); Lombardo v. Argonaut Insurance Co., 354 So.2d 731
(La.App. 4th Cir. 1978), writ refused, 355 So.2d 1325
(La. 1978).
 Godwin v. Government Employees Insurance Co., 394 So.2d 751, 758-759 (La.App. 3 Cir. 1981).
Thus, the ruling by the Second Circuit in the Young case is not binding in the Third Circuit, which has jurisdiction over matters arising in your parish and has specifically rendered at least one opinion which acknowledges that registrars verify signatures on recall petitions by comparing them to signatures on file in the registrars' offices. Cowan v. Ensminger, 96-955 (La.App. 3 Cir. 7/23/96), 677 So.2d 1127. Therefore, we remain of the opinion that in all parishes, other than those parishes subject to the jurisdiction of the Second Circuit Court of Appeal[2], it is the legislature's intent in the statutory scheme on recall petitions for the registrars to make a reasonable comparison of a signature on a recall petition with the signature on file in his/her office before certifying said signature:
 In determining the number of persons signing the petition who are electors in the voting area for the purpose of certifying the petition, the registrar shall not include any person who has not affixed to the petition his signature and the address
at which he is registered to vote or any person whose name does not appear on the registrar's roll of electors. (Emphasis added).
 LSA-R.S. 18:3. And as decided by the Third Circuit in Cowan, supra, the address should include the municipal number, apartment number, rural route, and box number specifically, and this requirement of R.S. 18:3 does not excuse the failure to put the town in the address.
Other requirements include:
The registrar of voters of each parish in the voting area wherein a recall election is sought shall certify on the recall petition, within fifteen working days after it is presented to him for that purpose, the number of names appearing thereon, the number of qualified electors of the voting area within the parish whose handwritten signatures appear on the petition, and also the total number of electors of the voting area within the parish as of the date of the filing of the petition with the secretary of state. However, if any parish wholly or partially within the voting area has more than fifty thousand registered voters, the registrar of voters for each parish within the voting area shall complete such certification on the recall petition within twenty working days after it is presented to him for that purpose. Each registrar also shall indicate on the petition the names appearing thereon who are not electors of the voting area. Each person who participates in the review of the names on the petition for certification by the registrar as required in this Section shall initial each of those portions of the petition which he reviews for certification by the registrar.
 LSA-R.S. 18:1300.3(A). Specific prohibitions to certifying signatures include:
 Each elector, at the time of signing the petition, shall enter his address and the date on which he signed beside or underneath his signature; In determining the number of qualified electors who signed the petition in any parish, the registrar of voters shall not count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar except as otherwise provided in R.S. 18:1300.3(B). The registrar shall not receive or certify a petition submitted to him for certification unless it is submitted to him timely.
LSA-R.S. 18:1300.2(D).
 In response to your first question, you, as Registrar in St. Landry Parish, are required to review the signature, date and address of the signatory before certifying said signature and cannot include any person whose name does not appear on your roll, whose address is not affixed to the petition, and/or whose signature is undated or bears an incorrect date. LSA-R.S. 18:3, 1300.2 and 1300.3.
In response to your second question, yes, registrars are required to ascertain if the petitioners are registered to vote in the district or municipality. LSA-R.S. 18:1300.3(A) requires a registrar to certify on the recall petition "[t]he number ofqualified electors of the voting area within the parish whose handwritten signature appear on the petition" and "Each registrar also shall indicate on the petition the names appearing thereon who are not electors of the voting area." (Emphasis added). This requirement holds true for all registrars across the state, as the Second Circuit in Young, supra did find that a registrar's duty included the comparison of the names on the recall petition to the names on the roll of electors; obviously, to ascertain whether they are an elector of the voting area.
In response to your third question, we have answered above that yes, you, as Registrar in St. Landry Parish, are still required to verify the genuineness of signatures on recall petitions, as has been done for many years by registrars throughout the state by virtue of the legal advice from this office for many years. We expect that either the legislature will address this issue or the procedure followed by registrars in other court of appeal circuits will be challenged and decided on a case-by-case basis. Until then, we will continue to legally advise you to follow the statutory law in the Election Code as has been interpreted by this office and the court of appeal in your parish.
In response to your fourth question, you, as Registrar in St. Landry Parish, should continue to make a reasonable comparison of the voter's signature on the petition to the voter's signature on your roll of electors and not count a signature which you do not find to be a reasonable match. As stated in opinion number 91-413, "the registrar should not be required to be an expert in observing signatures, however, it is the opinion of this office that the registrar shall make a reasonable identification of a voter's signature prior to certifying such name on a recall petition."
Trusting that this opinion addresses and answers all of yours questions, we remain
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
CCF, JR/ARL;mjb
[1] Attorney General Opinion 1928-30, p. 464; This 1929 opinion advised the registrar to refuse to certify a name as genuine if it was signed on the petition differently from the signature on the registration application, or if in a different handwriting.
[2] The Second Circuit Court of Appeal includes the parishes of Bienville, Bossier, Caddo, Caldwell, Claiborne, DeSoto, East Carroll, Franklin, Jackson, Lincoln, Madison, Morehouse, Ouachita, Red River, Richland, Tensas, Union, Webster, West Carroll, and Winn.