Dear Mr. Barfield:
You have requested that this Office advise you as to whether the recall petition directed toward David Daigle, School Board Member, School District B, Iberville Parish and supporting documents, meet the statutory requirements for a recall petition as set forth in La.R.S. 18:1300.1 et seq.
As you are aware, La.R.S. 18:1300.3(C) requires the registrar to send the original recall petition to the governor immediately after certification. The Registrar of Voters for Iberville Parish, Melissa Bourgoyne, certified the recall petition on July 7, 2009, and the recall petition and registrar's certification were received by the Governor on July 7, 2009.
La.R.S. 18:1300.7 requires the governor to issue a proclamation, within fifteen days after the petition is presented to him, to order an election to be held for the purpose of voting on the question of recall of the officer if the required number of qualified electors of the voting area sign the petition for recall. La.R.S.18:1300.2(B) provides for the required number of electors of the voting area that must sign the petition for recall. La.R.S.18:1300.2(B) states:
 B. All signatures on recall petitions shall be handwritten. This petition shall be signed by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors of the voting area wherein and for which a recall election is petitioned; however, where fewer than one thousand qualified electors reside within the voting *Page 2 
area, the petition shall be signed by not less than forty percent of said electors. (Emphasis added.)
According to the "Certification of Recall Petition for School Board Member, David Daigle, School Board District B, Iberville Parish, Louisiana," Registrar Bourgoyne certified that there were one thousand five hundred fifty-six (1556) qualified electors in the voting area as of the filing of the petition with the Secretary of State on May 8, 2009. Accordingly, the "petition shall be signed by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors." La.R.S. 18:1300.2(B). Thirty-three and one-third (33 1/3) percent of one thousand five hundred fifty-six (1556) would require five hundred nineteen (519) valid signatures on the petition to satisfy the statutory requirements for a recall election.
The registrar's certification further provides:
Number of names appearing on original petition = 720
Number of validated names on original petition = 537
Number of Voters written request to be:
 Added to Petition = 27
 Validated = 15 +15
Number of Voters written request to be:
 Stricken from Petition = 98
 Validated = 92 -92
Total Number of Validated Electors of the Voting Area = 460
 Total Number of Electors to the Voting Area = 1556

Louisiana courts have determined that the recall is a harsh remedy; therefore, the provisions which govern the recall process must be strictly construed. See La.R.S. 18:1300.1 etseq.; Young v. Sanders, 38,412 (La. App. 2 Cir. 4/7/04), 870 So.2d 1126, citing, Cloud v. Dyess,172 So.2d 528 (La.App. 3 Cir. 1965). La.R.S. 18:1300.3(A) declares that the registrar is to certify to (1) the number of names on the petition; (2) the number of qualified electors of the voting area within the parish whose handwritten signatures appear on the petition; and (3) the total number of electors of the voting area within the parish as of the date of the filing of the petition with the secretary of state. Additionally, "[e]ach registrar also shall indicate on the petition the names appearing thereon who are not electors of the voting area." La.R.S. 18:1300.3(A). *Page 3 
The statutory requirements for a petition to recall are primarily listed in La.R.S. 18:1300.2(D). This statute provides:
 Each elector, at the time of signing the petition, shall enter his address and the date on which he signed beside or underneath his signature; however, if a person is unable to write, as provided in R.S. 18:1300.4, the two witnesses shall date their signatures. In addition, each petition shall be in compliance with the provisions of R.S. 18:3. In determining the number of qualified electors who signed the petition in any parish, the registrar of voters shall not count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar except as otherwise provided in R.S. 18:1300.3(B). The registrar shall not receive or certify a petition submitted to him for certification unless it is submitted to him timely.
In a similar vein, La.R.S. 18.3(A) states:
 Notwithstanding any other provision of law to the contrary, every petition submitted to a registrar of voters for certification shall contain the following information:
 (1) The signature of the voter who is signing the petition. . .
 (2) The date the voter signed the petition.
 (3) The signer's ward/district/precinct.
 (4) The address at which the signer is registered to vote, including municipal number, apartment number, rural route, and box number.
 (5) Name of the signer either typed or legibly written.
 (6) Name of the person who witnessed and who obtained the signature.
 (7) Date on which the person witnessed and obtained the signature. *Page 4 
In determining the number of qualified electors of the voting area who signed the petition, the registrar is directed by La.R.S.18:1300.3(E) to comply with the provisions of La.R.S.18:3(C). La.R.S. 18:3(C) provides:
 In determining the number of persons signing the petition who are electors in the voting area for the purpose of certifying the petition, the registrar shall not include any person who has not affixed to the petition his signature and the address at which he is registered to vote, any person whose signature has not been verified by the registrar, or any person whose name does not appear on the registrar's roll of electors. . .
Registrar Bourgoyne is thereby required to utilize La.R.S. 18:3(A), La.R.S. 18:3(C), and La.R.S. 18:1300.2(D) in determining the number of qualified electors signing the petition to recall. The registrar is required to review the signature, date and address of the signatory before certifying said signature and cannot include any person whose name does not appear on the voter roll, whose address is not affixed to the petition, and/or whose signature is undated or bears an incorrect date. See La. Atty. Gen. No. 04-0265, La.R.S. 18:3, La.R.S. 1300.2 and La.R.S. 1300.3.
Furthermore, this Office has previously stated that signatures on a petition to recall are properly stricken when the signatories did not provide the name of the town in their address, even if the registrar of voters could have verified their signatures on the petition with their signatures on file in the registrar's offices. La. Atty. Gen. Op. No. 04-0265,citing, Cowan v. Ensminger, 96-955 (La. App. 3 Cir. 7/23/96), 677 So.2d 1127.
In Cowan, supra, a school board member filed suit challenging the certification of a petition to recall her from office. The trial court found that the petition did not contain the requisite number of certified electors. The Second Circuit ruled that the statute regulating recall petitions required that the signatories provide their complete addresses, including the town. The Court, citing La.R.S. 18:3, stated:
 While the language of the statute states that the address should include the municipal number, apartment number, rural route, and box number specifically, we find that this language does not excuse the failure to put the town in the address. Obviously, many addresses may be exactly the same except for the town in which the persons reside. The *Page 5 
name of the town is a mandatory portion of the address without which the exact address cannot be known.
 Appellant contends that in the instant case the failure of some of the signatories to give the town in which they live as a part of the address was of no consequence since the registrar of voters testified that she was able to verify the signatures by reference to the voter registration cards on file in her office. Here again, we defer to the legislative requisites for these petitions. The legislature is well aware of the ability of the various registrars of voters in this state to verify the signatures on a petition with the signatures on file in the registrars' offices. Even so, the legislature placed in the requirements of La.R.S. 18:3(A) that the signer give their address. In the instant case, the trial court correctly ruled that the signatures of those who did not properly give their full address, including the town, should be struck. Cowan at 1131.
The registrar is required to verify the genuineness of signatures on recall petitions, as has been done for many years by registrars throughout the state by virtue of the legal advice from this office. The registrar should continue to make a reasonable comparison of the voter's signature on the petition to the voter's signature on the roll of electors and not count a signature which is not found to be a reasonable match. As stated in La. Atty. Gen. No. 91-413, "the registrar should not be required to be an expert in observing signatures; however, it is the opinion of this office that the registrar shall make a reasonable identification of a voter's signature prior to certifying such name on a recall petition." *Page 6 
In conclusion, the Registrar of Voters for Iberville Parish certified a total of four hundred sixty (460) qualified electors of the voting area whose signatures appeared on the petition, which number does not meet the required thirty-three and a third percent (519). Therefore, this office finds that the petition to recall David Daigle, School Board Member, School District B, Iberville Parish, does not meet the statutory requirements necessary for the governor to issue a proclamation ordering a recall election in this matter
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: ___________________________ ERIN C. DAY Assistant Attorney General
 JDC/ECD