Dear Mr. Barfield:
You have requested that this Office advise you as to whether the recall petition directed toward Robert Elzy, Councilman, District D, City of Ponchatoula, Parish of Tangipahoa and supporting documents meet the statutory requirements for a recall petition as set forth in La.R.S. 18:1300.1 et seq.
First, La.R.S. 18:1300.2(B) states:
 All signatures on recall petitions shall be handwritten. This petition shall be signed by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors of the voting area wherein and for which a recall election is petitioned; however, where fewer than one thousand qualified electors reside within the voting area, the petition shall be signed by not less than forty percent of said electors.
Pursuant to La. La.R.S. 18:1300.2(B), the recall petition must be signed by not less than forty (40) percent of the total electors in District D, City of Ponchatoula to be valid. According to the "Registrar of Voters Certification of Recall Petition for Robert Elzy, Councilman, District D, City of Ponchatoula, Parish of Tangipahoa," Registrar John Russell represents that there are five hundred thirty (530) electors in the voting area as of the filing of the petition with the Secretary of State on May 5, 2009.
Forty percent of five hundred thirty (530) would require at least two hundred twelve (212) valid signatures on the petition to satisfy the statutory requirements for a recall election. *Page 2 
Registrar Russell asserts that there were three hundred fifty (350) names appearing on the petition; however, there were ninety-three (93) invalid signatures on the petition. Registrar Russell submits his certification which contains two hundred forty-seven (247) validated signatures on the petition
The statutory requirements for a petition to recall are primarily listed in La.R.S. 18:1300.2 (D). This statute provides:
 Each elector, at the time of signing the petition, shall enter his address and the date on which he signed beside or underneath his signature; however, if a person is unable to write, as provided in La.R.S. 18:1300.4, the two witnesses shall date their signatures. In addition, each petition shall be in compliance with the provisions of La.R.S. 18:3. In determining the number of qualified electors who signed the petition in any parish, the registrar of voters shall not count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar except as otherwise provided in La.R.S. 18:1300.3(B). The registrar shall not receive or certify a petition submitted to him for certification unless it is submitted to him timely.
In a similar vein, La.R.S. 18.3(A) states:
 Notwithstanding any other provision of law to the contrary, every petition submitted to a registrar of voters for certification shall contain the following information:
 (1) The signature of the voter who is signing the petition;. . . .
 (2) The date the voter signed the petition.
 (3) The signer's ward/district/precinct.
 (4) The address at which the signer is registered to vote, including municipal number, apartment number, rural route, and box number.
 (5) Name of the signer either typed or legibly written.
 (6) Name of the person who witnessed and who obtained the signature.
 (7) Date on which the person witnessed and obtained the signature. *Page 3 
Louisiana courts have determined that the recall is a harsh remedy, therefore the provisions which govern the recall process must be strictly construed.[1]
La.R.S. 18:101(B) sets forth the requirements used in determining a "qualified elector" in the area:
 B. For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. However, if a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located. For purposes of voter registration and voting, the residence of a married woman shall be determined in the same manner as is required for any other citizen. A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time.
Registrar Russell is thereby required to utilize La.R.S. 18:3(A), La.R.S. 18:101(B), and La.R.S. 18:1300.2(D) in determining the number of qualified electors in the voting area and the number of valid signatures on the recall petition.
In Cowan v. Ensminger, 96-955 (La. App. 3 Cir. 1996 7/23/96), 677 So. 2d 1127, writdenied 96-1961 (La. 8/1/96), 677 So.2d 449, a school board member filed suit challenging the certification of a petition to recall her from office. The trial court found that the petition did not contain the requisite number of certified electors.
The Third Circuit ruled that the statute regulating recall petitions required that the signatories provide their complete addresses, including the town. The Court, citing La.R.S. 18:3, stated:
While the language of the statute states that the address should include the municipal number, apartment number, rural route, and box number specifically, we find that this language does not excuse *Page 4 
the failure to put the town in the address. Obviously, many addresses may be exactly the same except for the town in which the persons reside. The name of the town is a mandatory portion of the address without which the exact address cannot be known. Appellant contends that in the instant case the failure of some of the signatories to give the town in which they live as a part of the address was of no consequence since the registrar of voters testified that she was able to verify the signatures by reference to the voter registration cards on file in her office. Here again, we defer to the legislative requisites for these petitions. The legislature is well aware of the ability of the various registrars of voters in this state to verify the signatures on a petition with the signatures on file in the registrars' offices. Even so, the legislature placed in the requirements of La. La.R.S. 18:3(A) that the signer give their address. In the instant case, the trial court correctly ruled that the signatures of those who did not properly give their full address, including the town, should be struck. 677 So. 2d at 1131 (Emphasis added).
Additionally, this Office, relying on case law, has previously stated that signatures on a petition to recall are properly stricken when the signatories did not provide the name of the town in their address, even if the registrar or voters could have verified their signatures on the petition with their signatures on file in the registrar's office.[2]
As this Office has opined previously in No. 04-0265, and underCowan, the registrar is required to review the signature, date and address of the signatory before certifying said signature and cannot include any person whose name does not appear on the voter roll, whose address is not affixed to the petition, and/or whose signature is undated or bears an incorrect date. La.R.S. 18:3, 1300.2 and 1300.3.
According to La.R.S. 18:1300:3(A), the registrar is required to ascertain if the petitioners are registered to vote in the district or municipality. The registrar is required to certify on the recall petition "[t]he number of qualified electors of the voting area within the parish whose handwritten signature appear on the petition" and "[e]ach registrar also shall indicate on the petition the names appearing thereon who are not electors of the voting area."
The registrar is required to verify the genuineness of signatures on recall petitions, as has been done for many years by registrars throughout the state by *Page 5 
virtue of the legal advice from this office. The registrar should continue to make a reasonable comparison of a voter's signature on the petition to the voter's signature on the roll of electors and not count a signature which is not found to be a reasonable match. As stated in Attorney General's Opinion Number 91-413, "the registrar should not be required to be an expert in observing signatures, however, it is the opinion of this office that the registrar shall make a reasonable identification of a voter's signature prior to certifying such name on a recall petition."
In conclusion, this office finds that the Petition to Recall Robert Elzy, Councilman, District D, City of Ponchatoula, Parish of Tangipahoa, as verified by Registrar Russell, under the laws and standards explained above, has a sufficient number of signatures from qualified electors in the voting area and the petition does meet the statutory requirements necessary for the governor to issue a proclamation ordering a recall election in this matter.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
 JDC/WPB, III
[1] La.R.S. 18:1300.1 et seq., Young v.Sanders, 38,412 (La. App. 2 Cir. 4/7/04), 870 So.2d 1126; Bradford v.Board of Supervisors of Elections,128 So. 2d 468 (La. App. 3 Cir. 1961.
[2] Cowan v. Ensminger, 96-955 (La. App. 3 Cir. 7/23/96), 677 So. 2d 1127, writdenied 96-1961 (La. 8/1/96), 677 So.2d 449.