Dear Mr. Clark:
You request this office to review the recall petition directed toward Sharon Bosco, Alderman, Village of Creola, Grant Parish, and supporting documents submitted by the Registrar of Voters, and advise if the provisions of the Election Code governing recall elections[1] have been met, in order for the governor to issue a proclamation ordering a recall election.
In reaching a legal conclusion in this matter, this office is required to examine the recall petition and supporting documentation submitted by Registrar of Voters Shirley Chelette, with the purpose of determining compliance with the provisions of La.R.S. 18:1300.2(B), La.R.S. 18:1300.2(D), La.R.S. 18:3(A), and La.R.S. 18:101(B). These statutes are included below.
La.R.S. 18:1300.2(B) and (D) set forth requirements governing the recall petition as follows:
B. All signatures on recall petitions shall be handwritten. This petition shall be signed by a number of the electors of the voting area as will in number equal not less than thirty-three and one-third percent of the number of the total electors of the voting area wherein and for which a recall election is petitioned; however, where fewer than one thousand qualified electors reside within the voting area, the petition shall be signed by not less than forty percent of said electors.
 *****
D. Each elector, at the time of signing the petition, shall enter his address and the date on which he signed beside or underneath his *Page 2 
signature; however, if a person is unable to write, as provided in La.R.S. 18:1300.4, the two witnesses shall date their signatures. In addition, each petition shall be in compliance with the provisions of La.R.S. 18:3. In determining the number of qualified electors who signed the petition in any parish, the registrar of voters shall not count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar except as otherwise provided in La.R.S. 18:1300.3(B). The registrar shall not receive or certify a petition submitted to him for certification unless it is submitted to him timely.
La.R.S. 18:3(A) further applies and provides:
A. Notwithstanding any other provision of law to the contrary, every petition submitted to a registrar of voters for certification shall contain the following information:
(1) The handwritten signature of the voter who is signing the petition; however, if a person is unable to write, the incapacitated person shall affix his mark to the petition and the person circulating the petition shall affix the name of the incapacitated person provided he does so in the presence of two witnesses who shall also sign their names as witnesses to the mark.
(2) The date the voter signed the petition.
(3) The signer's ward/district/precinct and date of birth.
(4) The address at which the signer is registered to vote, including municipal number, apartment number, rural route, and box number.
(5) Name of the signer either typed or legibly written.
(6) Name of the person who witnessed and who obtained the signature.
(7) Date on which the person witnessed and obtained the signature.
La.R.S. 18:101(B) sets forth the requirements used in determining a "qualified elector" as follows:
B. For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. However, if a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall *Page 3 
register and vote in the precinct in which that residence is located. For purposes of voter registration and voting, the residence of a married woman shall be determined in the same manner as is required for any other citizen. A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time.
Louisiana courts have determined that the recall is a harsh remedy; therefore, the provisions which govern the recall process must be strictly construed.[2]
In Cowan v. Ensminger, 96-955 (La.App. 3 Cir. 1996 7/23/96),677 So. 2d 1127; writ denied, 96-1961 (La. 8/1/96),677 So.2d 449, a school board member filed suit challenging the certification of a petition to recall her from office. The trial court found that the petition did not contain the requisite number of certified electors.
In Cowan, the Third Circuit ruled that the statute regulating recall petitions required that the signatories provide their complete addresses, including the town. The Court, citing La.R.S. 18:3, stated:
While the language of the statute states that the address should include the municipal number, apartment number, rural route, and box number specifically, we find that this language does not excuse the failure to put the town in the address. Obviously, many addresses may be exactly the same except for the town in which the persons reside. The name of the town is a mandatory portion of the address without which the exact address cannot be known. Appellant contends that in the instant case the failure of some of the signatories to give the town in which they live as a part of the address was of no consequence since the registrar of voters testified that she was able to verify the signatures by reference to the voter registration cards on file in her office. Here again, we defer to the legislative requisites for these petitions. The legislature is well aware of the ability of the various registrars of voters in this state to verify the signatures on a petition with the signatures on file in the registrars' offices. Even so, the legislature placed in the requirements of La.R.S. 18:3(A) that the signer give their address. In the instant case, the trial court correctly ruled that the signatures of those who did not properly give their full address, including the town, should be struck. 677 So.2d at 1131. *Page 4 
Additionally, this office, relying on case law, has previously stated that signatures on a petition to recall are properly stricken when the signatories did not provide the name of the town in their address, even if the registrar of voters could have verified their signatures on the petition with their signatures on file in the registrar's office.[3]
As this office has opined previously in La. Atty. Gen. Op. 04-265, and under Cowan, the registrar is required to review the signature, date and address of the signatory before certifying said signature and cannot include any person whose name does not appear on the voter roll, whose address is not affixed to the petition, and/or whose signature is undated or bears an incorrect date. See La.R.S. 18:3, La.R.S. 18:1300.2, and La.R.S. 18:1300.3.
The registrar is required to verify the genuineness of signatures on recall petitions, as has been done for many years by registrars throughout the state by virtue of the legal advice from this office. The registrar should continue to make a reasonable comparison of a voter's signature on the petition to the voter's signature on the roll of electors and not count a signature which is not found to be a reasonable match. As stated in La. Atty. Gen. Op. 91-413, "the registrar should not be required to be an expert in observing signatures; however, it is the opinion of this office that the registrar shall make a reasonable identification of a voter's signature prior to certifying such name on a recall petition."
Under La.R.S. 18:1300.2(B), and as applied here, the recall petition must be signed by not less than forty (40) percent of the total electors in the Village of Creola to be valid. In reference to the total number of electors in the Village of Creola, and according to the document styled "Registrar of Voters Certification of Recall Petition for Sharon Bosco, Alderman, Village of Creola," Registrar Shirley Chelette represents that there are One Hundred Forty-Eight (148) electors in the voting area as of the filing of the petition with the Secretary of State on May 28, 2010.
Under La.R.S. 18:1300.2(B), and as applied here, forty percent of 148 would require at least Fifty-Nine (59) valid signatures on the petition to satisfy the statutory requirements for a recall election. Registrar Chelette asserts that there were Seventy-Three (73) names appearing on the petition; however, there were Seven (7) signatures which contained no match to voter records, and in accord with La.R.S. 18:1300.2(D), Registrar Chelette did not include these signatures in the total count of qualified electors. Registrar Chelette submits her certification which contains Sixty-Six (66) validated signatures on the petition, an amount in excess of the minimum required amount. *Page 5 
In conclusion, this office finds that the Petition to Recall Sharon Bosco, Alderman, Village of Creola, Grant Parish, as verified by Registrar Chelette, under the laws and standards explained above, has a sufficient number of valid signatures from qualified electors in the voting area and the petition does meet the statutory requirements necessary for the governor to issue a proclamation ordering a recall election in this matter.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ WILLIAM P BRYAN, III Assistant Attorney General
CCF, Jr./WPB, III/jv
[1] La.R.S. 18:1300.1, et seq.
[2] See La.R.S. 18:1300.1, et seq.; Young v.Sanders, 38,412 (La.App. 2 Cir. 4/7/04), 870 So.2d 1126; Bradford v.Board of Supervisors of Elections,128 So.2d 468 (La.App. 3 Cir. 1961).
[3] See La. Atty. Gen. Op. 04-265, citing Cowan,infra.